```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
         v.                   )    Cr. No. 01-10384-MLW
                              )
GARY LEE SAMPSON              )
```

## ORDER

WOLF, D.J.                                              June 25, 2008

On January 29, 2004, pursuant to the jury's verdict entered on December 23, 2003, this court sentenced Gary Sampson to be executed on each of two counts of carjacking resulting in death in violation of 18 U.S.C. §2119(3). Judgment entered on February 4, 2004. The First Circuit affirmed Sampson's sentence. United States v. Sampson, 486 F.3d 13 (1st Cir. 2007). The Supreme Court denied certiorari on May 12, 2008. Sampson v. United States, 2008 WL 2002067 (U.S. May 12, 2008). Section 2255 governs postconviction motions by prisoners subject to a federal sentence. 28 U.S.C. §2255(a). It provides that Sampson has one year from May 12, 2008 to initiate a collateral attack on his sentence by filing a motion to vacate, set aside or correct his sentence under §2255. See id. §2255(f).

On May 7, 2008, expecting that his petition for certiorari would soon be denied, Sampson's trial and appellate counsel, David Ruhnke, filed, under seal, an Ex Parte Motion for Appointment of Counsel to Pursue Post-Conviction Remedies, and Memorandum of Law in Support ("the Motion"). The Motion explains that Mr. Ruhnke, cannot continue to represent Sampson in postconviction proceedings

because of commitments to other clients and because it would be difficult for him to evaluate his own performance as trial and appellate counsel, as is required to prepare postconviction motions. Therefore, Mr. Ruhnke seeks to be replaced by new appointed counsel. <u>See</u> 18 U.S.C. §3599(e) (requiring appointed counsel in capital cases to continue their representation through postconviction proceedings "[u]nless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant"). The court finds that the effectiveness of trial counsel is an issue that must be considered by counsel, and if appropriate, raised in any §2255 motion. Therefore, it is now appropriate that Sampson have new counsel.

This court has previously found Sampson to be indigent. Therefore, 18 U.S.C. §3599(a)(2) gives him a right to the appointment of counsel for postconviction proceedings under §2255.[1]

Sampson has permissibly sought counsel prior to filing a motion under §2255. In <u>McFarland v. Scott</u>, 512 U.S. 849 (1994),

---

[1] 18 U.S.C. §3599(a)(2) states:

> In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with [this section].

18 U.S.C. §3599(a)(2).

2

the Supreme Court affirmed that a capital petitioner's "statutory right to appointed counsel adheres prior to the filing of a formal, legally sufficient" postconviction motion.  Id. at 855. Appointment of counsel prior to the filing of a §2255 motion is necessary to enable the petitioner to benefit from "preapplication legal assistance," including assistance in researching his claims and coordinating the investigative services that are clearly anticipated under §3599.  Id. at 855-57.[2]

When counsel is to be appointed after judgment in a capital case, §3599(c) requires that at least one appointed attorney either have at least five years of experience in the Court of Appeals with jurisdiction over the case and three years of felony experience. Alternatively or in addition, §3599(d) permits the court "for good cause" to appoint "another attorney" without such experience who is otherwise qualified, based on his or her "background, knowledge, or experience" to "properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation".[3]  See 7 Guide to

---

[2] McFarland was interpreting the prior statute governing appointment of counsel in capital postconviction proceedings, 28 U.S.C. §848(q).  However, because §3599 merely recodified but did not change the language of §848(q), McFarland's reasoning applies equally under the new statute.

[3] The statute provides:

(c) If the appointment is made after judgment, at least one attorney so appointed must have been admitted to practice in the court of appeals for not less than five

3

Judicial Policies and Procedures, ch. VI, §6.01(C)(3) (describing §3599(d) as a "waiver" provision that allows appointment of an attorney who does not meet the requirements of §3599(c)); In re Lindsey, 875 F.2d 1502, 1507, n.3 (11th Cir. 1989) (same regarding §848(q)(6), which had identical language).

The Guide to Judicial Policies and Procedures recommends the appointment of "at least two counsel" for §2255 proceedings in capital cases. See 7 Guide to Judicial Policies and Procedures, ch. VI, §6.01(A)(2). As required by 18 U.S.C. §3005, the court has consulted the Federal Public Defender for the District of Massachusetts concerning the attorneys to be appointed.

As counsel to Sampson for his postconviction proceedings, the court is appointing William E. McDaniels of the law firm Williams & Connolly LLP of Washington, D.C., and Susan K. Marcus, of New York, New York. The court finds that the background, knowledge, and experience of each of these two attorneys "enable him or her to properly represent the defendant, with due consideration to the

---

    years, and must have had not less than three years experience in the handling of appeals in that court in felony cases.

    (d) With respect to subsection[] . . . (c), the court, for good cause, may appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation.

18 U.S.C. §3599(c)-(d).

seriousness of the possible penalty and to the unique and complex nature of the litigation" as required by §3599(d). The court finds that "good cause" for these appointments is provided by the significant relevant experience of these two attorneys and by the fact that this is the first capital case to proceed to a §2255 proceeding in the First Circuit, thus limiting the number of local attorneys with relevant experience.

Although Mr. McDaniels does not have the experience in the First Circuit described in §3599(c), he has extensive comparable experiences in several other Circuits. The court finds that Ms. Marcus is "learned in the law applicable to capital cases" as required of at least one counsel by 18 U.S.C. §3005.

In addition, the court is appointing the Federal Defender for the District of Massachusetts, Miriam Conrad. She is qualified to represent Sampson under 18 U.S.C. §3599(c), and she and other attorneys in her office can provide, at no cost to the public, assistance to the out-of-state attorneys regarding local practice and First Circuit precedent, among other things.

The hourly rate for Mr. McDaniels and Ms. Marcus shall be $170 per hour, consistent with the current practice in capital habeas cases. See 7 Guide to Judicial Policies and Procedures, ch. VI, §6.02(A)(1)(a) & (B)(1). "Appointed counsel may, with prior court authorization, use the services of attorneys who work in association with them, provided that the employment of such

additional counsel (at a reduced hourly rate) diminishes the total cost of representation or is required to meet deadlines." Id. §6.01(A)(1). While the court does not anticipate compensating any counsel at a rate less than $170 an hour, it does foresee that the work of additional attorneys may be necessary and appropriate to meet deadlines in this matter. Therefore, appointed counsel are being authorized to use the services of attorneys associated with them.

Counsel for Sampson shall, by August 15, 2008, file, ex parte and under seal,[4] a proposed litigation budget that represents their best preliminary estimate of the costs of all services (counsel, expert, investigative, and other) likely to be needed during the postconviction proceedings in this matter. See 7 Guide to Judiciary Policies and Procedures, ch. VI, §6.02(F).[5] Revised litigation budgets may be submitted periodically. Consistent with Recommendation 9(d) of the May 1988 report "Federal Death Penalty Cases: Recommendations Concerning the Cost and Quality of Defense Representation," prepared by the Subcommittee on Federal Death Penalty Cases, Committee on Defender Services of the Judicial Conference of the United States, the court may seek advice from the

---

[4] Any actual request for investigative, expert, or other services may be made ex parte only upon a proper showing of a need for confidentiality. See 18 U.S.C. §3599(f).

[5] If necessary, counsel may move for an extension of time to file their proposed litigation budget.

Administrative Office of United States Courts, Federal Death Penalty Resource Counsel, and/or the Federal Capital Habeas Project as part of the process of reviewing proposed budgets.

Once expenses are incurred, counsel shall submit requests for payment to the court using CJA Form 30 (regarding attorney compensation) and Form 31 (regarding investigative, expert, and other services).[6] In accordance with §3599(g)(2):

> [f]ees and expenses paid for investigative, expert, and other reasonably necessary services . . . shall not exceed $7,500 . . . , unless payment in excess of that limit is certified by the court, . . . as necessary to provide fair compensation for services of an unusual character or duration, and the amount of the excess payment is approved by the chief judge of the circuit.

18 U.S.C. §3599(g)(2). Therefore, requests for payment for investigative, expert, and other services that exceed the statutory maximum of $7,500 shall be submitted to this court, which will submit such requests to the Chief Judge of the First Circuit. If possible, this court will facilitate advance approval of such expenses by submitting that portion of the approved case budget that regards investigative, expert, and other services to the Chief Judge of the First Circuit for approval. See 7 Guide to Judiciary Policies and Procedures, ch. VI, §6.03(B). Counsel for Sampson should state when they submit the proposed budget whether they object to this procedure.

---

[6] These forms and instructions for using them can be found at http://www.mad.uscourts.gov/AttyInfo/CJAindex.htm.

Therefore, it is hereby ORDERED that:

1.  Sampson's Ex Parte Motion for Appointment of Counsel to Pursue Post-conviction Remedies (Docket No. 898) is ALLOWED to the extent that it requests appointment of counsel to pursue postconviction remedies.

2.  William E. McDaniels, Susan K. Marcus, and Miriam Conrad are APPOINTED as counsel for Sampson for any and all postconviction proceedings, including the filing of a motion under 28 U.S.C. §2255. Appointed counsel are authorized to use the services of attorneys associated with them.

3.  Sampson's appellate counsel, David A. Ruhnke, shall file a motion to withdraw forthwith.

4.  Counsel for Sampson shall, by August 15, 2008:

   a) File, ex parte and under seal, a proposed litigation budget that represents their best preliminary estimate of the costs of all services (counsel, expert, investigative, and other) likely to be needed during the postconviction proceedings in this matter; and

   b) File an affirmation that they have obtained a copy of the record in this matter.

                                         /s/ Mark L. Wolf
                                    UNITED STATES DISTRICT JUDGE