UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Cr. No. 01-10384-MLW |
| | ) | |
| GARY LEE SAMPSON | ) | |

ORDER

WOLF, D.J.                                                                                 August 27, 2010

The August 30, 2010 hearing will begin at 10:30 a.m. and continue from day to day until concluded.

As explained in the March 1, 2010 Order, the government's Request for Summary Dismissal of Gary Sampson's amended motion for relief arises under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (the "§2255 Rules"). The August 30, 2010 hearing will, therefore, focus on whether "it plainly appears from [Sampson's] motion, any attached exhibits, and the record of prior proceedings that [he] is not entitled to relief" on any or all of his claims. Rule 4(b) of the §2255 Rules. The parties shall be prepared to address early in the hearing the case law concerning the standard for summary dismissal. See, e.g., David v. United States, 134 F.3d 470, 477-78 (1st Cir. 1998); United States v. McGill, 11 F.3d 223, 225-26 (1st Cir. 1993); Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990).

At this time, the court plans to provide the parties an opportunity to give an overview of their positions and then proceed to argument on petitioner's discrete claims, generally in the order

that they are asserted in the amended motion, beginning with the claim of ineffective assistance of counsel. However, the parties shall confer on this approach. The court will seek their advice concerning whether there is a better way for the arguments to proceed.

If a particular claim is not summarily dismissed, it will be necessary to address the extent to which discovery should be permitted and the record expanded under Rules 6 and 7 of the §2255 Rules. After the record is expanded concerning any claim that is not summarily dismissed, it will be necessary for the court to decide if an evidentiary hearing should be held on that claim, and the nature and scope of any such hearing. See Rule 8(a) of the §2225 Rules; see also United States v. Butt, 731 F.2d 75, 78 (1st Cir. 1984); DeVincent v. United States, 602 F.2d 1006, 1010 (1st Cir. 1979).

It is the court's tentative view that some of petitioner's claims may be summarily dismissed and others may not. Particularly, because they involve allegations concerning matters not in the record at the time of trial, at least parts of petitioner's claim of ineffective assistance of counsel may, like most of the comparable Supreme Court cases cited by the parties, require discovery and expansion of the record, and possibly an evidentiary hearing as well. See, e.g., Sears v. Upton, 130 S. Ct. 3259, 3262 (2010)(per curiam)(evidentiary hearing in state court);

2

Porter v. McCollum, 130 S. Ct. 447, 449 (2009)(per curiam)(same); Schriro v. Landrigan, 550 U.S. 465, 472 (2007)(expansion of the record); Rompilla v. Beard, 545 U.S. 374, 385 (2005)(evidentiary hearing in state court); Wiggins v. Smith, 539 U.S. 510, 516-17 (2003)(same); Williams v. Taylor, 529 U.S. 362, 370 (2000)(same); Burger v. Kemp, 483 U.S. 776, 780, 789-95 (1987)(evidentiary hearing in federal district court). But see Bobby v. Van Hook, 130 S. Ct. 13 (2009)(per curiam)(state court denied evidentiary hearing due to insufficient showing of prejudice as described in State v. Van Hook, No. C-910505, 1992 WL 308350, at *2-3 (Ohio Ct. App. Oct. 21, 1992)); Strickland v. Washington, 466 U.S. 668, 676, 678 (1984) (noting federal district court held an evidentiary hearing but stating that the evidentiary hearing was unnecessary in that case). Therefore, the parties shall confer and be prepared to provide at the hearing their preliminary views on issues of substance and timing concerning possible discovery, expansion of the record, and evidentiary hearings if there are claims that are not summarily dismissed.

*[signature]*
UNITED STATES DISTRICT JUDGE