UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 01-10384-MLW |
| ) | |
| GARY LEE SAMPSON ) | |

MEMORANDUM AND PROCEDURAL ORDER

WOLF, D.J.                                                October 20, 2011

The court has today issued two Memorandum and Orders addressing the government's Request for Summary Dismissal of Gary Lee Sampson's First Amended Motion for New Trial and to Vacate, Set Aside, and Correct Conviction and Death Sentence Made Pursuant to 28 U.S.C. §2255 and/or Rule 33 of the Federal Rules of Criminal Procedure (the "Amended §2255 Motion"). For the reasons described in detail in the October 20, 2011 Memorandum and Order on Jury Claim, the court has found that Sampson's claim (Claim IV) that he was denied his constitutional right to an impartial jury is meritorious and he is, therefore, entitled to a new trial to determine whether the death penalty is justified in his case. Sampson asserts that this decision is not now appealable. Several Circuits have found this contention to be correct in comparable circumstances in capital cases. See United States v. Hammer, 564 F.3d 628, 632-36 (3rd Cir. 2009); United States v. Stitt, 459 F.3d 483, 484-86 (4th Cir. 2006). The government has not yet addressed the issue of whether the decision that Sampson is entitled to a new

trial to determine his sentence is now appealable or whether, instead, this matter is not eligible for appeal until such a new trial is held.

In the October 20, 2011 Memorandum and Order on Summary Dismissal, the court has decided that the government is entitled to summary dismissal of many but not all of the other claims in Sampson's Amended §2255 Motion. The claims that are not subject to summary dismissal include those alleging that Sampson's trial counsel were ineffective in failing to adequately investigate, develop, and present to the jury certain mitigating evidence which, Sampson asserts, would probably have proven that the death penalty was not justified in his case. While discovery and possibly an evidentiary hearing would otherwise be necessary to decide these remaining claims, it appears that they may be moot if a new trial to determine Sampson's sentence is to be conducted.

It also appears, however, that even if a new trial to determine Sampson's sentence is conducted, Sampson will, at some point, be entitled to appeal the summary dismissal of certain claims that do not relate to the fairness of the initial sentencing trial. Such claims include, but are not limited to, the contention that his trial counsel were ineffective in failing to advise him to plead guilty before the Supreme Court's June 24, 2002 decision in Ring v. Arizona, 536 U.S. 584 (2002), in advising Sampson to plead guilty to the Second Superseding Indictment, and in failing to

request an evaluation to determine whether Sampson was competent to plead guilty. It is not clear to the court if it should decide now whether a certificate of appealability should be issued on any such issues or whether that question should be decided after a new trial to determine his sentence is conducted.

The court has not yet entered an order deciding any of Sampson's claims or issued a final order granting relief and disposing of the Amended §2255 Motion. Rather, the parties are being afforded an opportunity to confer, to propose an appropriate order to implement the court's decisions, and to advise the court on how this case should proceed. After receiving their submission(s), the court will schedule a hearing to address any open issues and to establish a schedule for the remainder of the case.

Accordingly, it is hereby ORDERED that the parties shall confer and, by December 2, 2011, report, jointly if possible but separately if necessary, concerning:

1. Whether the decision on Claim IV granting Sampson a new trial to determine his sentence is now appealable and, if so, whether the government requests a stay of proceedings before this court in order to pursue an appeal.

2. Whether the decision summarily dismissing certain of Sampson's claims is now appealable and, if so, whether Sampson requests a stay of proceedings before this court in order to pursue

an appeal.

3. Which, if any, of Sampson's claims that have not been found subject to summary dismissal should be deemed moot if a new trial to determine Sampson's sentence is to be conducted.

4. The form of order to be entered to implement the decisions that the court has made in the October 20, 2011 Orders on Jury Claim and Summary Dismissal.

5. How this case should proceed after such an order is entered.

                                             /s/ Mark L. Wolf
                                     UNITED STATES DISTRICT JUDGE