```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA       )
                               )
           v.                  )    Cr. No. 01-10384-MLW
                               )
GARY LEE SAMPSON               )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                        November 29, 2013

On October 20, 2011, this court granted petitioner Gary Sampson's motion to vacate the death sentence, imposed in 2004 pursuant to the jury's verdict, because of misconduct, including perjury, by a juror and found that Sampson is entitled to a new trial to determine whether the death penalty is justified concerning the two counts of carjacking resulting in death to which Sampson pled guilty. See United States v. Sampson, 820 F. Supp. 2d 151 (D. Mass. 2011). On July 25, 2013, the First Circuit affirmed that decision. See United States v. Sampson, 724 F.3d 150 (1st Cir. 2013). After the government informed the First Circuit that it would not seek further review, mandate issued on November 15, 2013.

On November 27, 2013, the parties informed the court that Sampson's counsel would be in Boston, Massachusetts on December 19, 2013, and jointly moved for a status conference on or about that date. If the court's other judicial obligations permit, it

will conduct a status conference on December 19, 2013, at 3:00 p.m.[1]

The court understands that the granting of a new trial to determine whether the death penalty is justified in this case, which was based on Claim IV of Sampson's First Amended Motion Pursuant to 28 U.S.C. §2255 ("the Motion"), renders moot all of the other claims in the Motion. More specifically, in another Memorandum and Order issued on October 20, 2011, the court found that some, but not all, of the other claims asserted in the Motion were subject to summary dismissal. See United States v. Sampson, 820 F. Supp. 2d 202 (D. Mass. 2011). The parties have previously agreed that the claims that survived summary dismissal would be moot if new proceedings were held to determine Sampson's sentence. See Joint Report, Feb. 1, 2012, ¶3;[2] see also Feb. 2, 2012 Order (adopting the parties' joint

---

[1] On December 2, 2013, the court is beginning a trial that is expected to last three weeks. The court may be instructing the jury in that case on December 19, 2013 and, therefore, may then be unavailable to conduct the status conference in this case.

[2] In their February 1, 2012 Joint Report, at pages 3-4, the parties stated that:

> The parties are in agreement that because all of petitioner's claims that have not been found subject to summary dismissal challenge only petitioner's sentence, rather than his guilty plea, those claims will become moot if a new trial to determine his sentence is to be conducted, although this could

2

proposal); United States v. Sampson, 2012 WL 1633296, at *7 (D. Mass. May 10, 2012) (noting the parties' agreement).

Nevertheless, the claims that survived summary dismissal raise questions which the court wishes to at least begin discussing at the status conference. For example, Sampson contended that his "trial counsel were ineffective by failing to raise Sampson's inability to assist in his own defense with the court, by allowing Sampson to proceed to trial while incompetent, and by causing Sampson to be denied his right to a contemporaneous determination of competence." Sampson, 820 F. Supp. 2d at 244. Therefore, the court intends to address whether it is necessary or appropriate to order that Sampson be

---

change based on subsequent events, such as the government prevailing in its appeal of the jury claim. In this regard, the parties note that in its Memorandum and Order on Summary Dismissal, this Court indicated that petitioner's claim that his trial counsel provided ineffective assistance of counsel by not requesting a competency hearing also was a challenge to his guilty plea. See Memorandum and Order on Summary Dismissal at 89 ("[T]he only alleged error which could affect the validity of Sampson's plea is the claim that trial counsel were ineffective for failing to raise a question about Sampson's competence (Claim III(I))."). The parties are in agreement, however, that petitioner's competency claim throughout these proceedings has been that he was unable to assist in his own defense at the penalty phase trial due to his incompetence, not that he was unable to understand the nature of the proceedings against him, and that the competency claim only is a challenge to petitioner's sentence, not his guilty plea.

3

evaluated and a hearing be conducted to determine whether he is now competent to stand trial. See 18 U.S.C. §§4241, 4247.

In the Motion, Sampson also contended that "trial counsel were ineffective because they failed to conduct an adequate mitigation investigation and to present mitigation evidence adequately." Sampson, 820 F. Supp. 2d at 242. Among other things, Sampson offered evidence that his trial counsel failed to provide to Sampson's medical expert on possible brain damage records documenting injuries to his head in early childhood, and also failed to reasonably investigate Sampson's childhood and adolescence. Id. at 242-45. While his §2255 counsel conducted some investigation and provided some evidence to support these claims, it is not clear whether their investigation concerning these issues is complete. In addition, the court does not know whether the government proposes to conduct additional investigation in response to Sampson's contentions or the parties' positions concerning whether evaluations done for the original trial in 2003 must be updated.

Accordingly, it is hereby ORDERED that the parties shall confer and, by December 13, 2013, report, jointly if possible, concerning:

1.   Whether an evaluation and hearing to determine Sampson's current competency to stand trial should be ordered pursuant to 18 U.S.C. §§4241 and 4247.

2.   Whether they have reached an agreement to resolve this matter without another trial to determine the appropriate sentence.

3.   What additional investigation, evaluations, and discovery is necessary, and the time required for it, if Sampson is competent and another trial to determine his sentence is to be conducted.

4.   Whether there are foreseeable motions to be briefed and decided before another trial to determine Sampson's sentence is conducted.

5.   Whether there are any other matters that should be addressed at the status conference.

6.   Whether, in view of the uncertainty concerning the court's availability on December 19, 2013, the parties prefer to discuss the foregoing issues when they meet on December 19,

2013, respond to this Order after that meeting, and have the status conference rescheduled for January 13, 2013.[3]

                                            /s/ Mark L. Wolf
                                      UNITED STATES DISTRICT JUDGE

---

[3] Alternatively, if the parties wish to meet on December 19, 2013, and respond to this Order on December 20, 2013, the court will conduct the status conference on December 23, 2013, at 2:15 p.m.