UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 01-10384-MLW |
| | ) | |
| GARY LEE SAMPSON | ) | |

MEMORANDUM AND ORDER

WOLF, D.J.                                                                 January 28, 2014

At the January 21, 2014 hearing, the court explained in detail its present, but not necessarily final, view that its recusal is not required under 28 U.S.C. §455(a) as a result of its association with Assistant United States Attorney Zachary Hafer -- an association which the government stated in August, 2010 could not cause a reasonable person to question the court's impartiality, and a ground for recusal which the government then waived pursuant to 28 U.S.C. §455(e). See Gov't's Resp. to Ct.'s Aug. 23, 2010 Order at 1-2 (Docket No. 1073). The court ordered that if the parties wished to file a motion for recusal and supporting memorandum, they do so by January 28, 2014.[1] The court explained that it is important to resolve any issue concerning its participation as promptly as possible to assure that the progress of this case -- which the government proposes be

---

[1] This oral Order was memorialized in a January 22, 2014 written Order.

retried in the Fall of 2014 -- not be impeded.[2] The court had the transcript of the analysis it did, without the benefit of a motion or briefing, prepared and provided to the parties on January 23, 2014.

On January 28, 2014, defendant Gary Sampson responded to the January 21, 2014 Order, stating that he does not intend to file a motion for recusal based on the court's association with Mr. Hafer. See Sampson's Resp. to This Ct.'s Order of Jan. 22, 2014 Regarding Recusal (Docket No. 1283). The government, however, then filed a motion requesting that the time for its response be extended to February 6, 2014, and stated that the defendant assented to that request.

---

[2]  The court stated at the January 21, 2014 hearing:

> We've all had a lot of time to think about this issue and I think this schedule will permit the question of whether or not I will continue to participate in this case to be resolved as promptly as possible. That's important because any question concerning that will impede the progress of the case.

Jan. 21, 2014 Tr. at 23. The government did not at the January 21, 2014 hearing state that it would need more time to research the issues or determine its position. Nor is the motion for an extension of time supported by an affidavit seeking to demonstrate that the prosecutors have since January 21, 2014 been working industriously on this matter and nevertheless cannot meet the deadline established by the court. See L.R. 7.1(b)(1) ("Affidavits . . . setting forth . . . facts on which the motion is based shall be filed with the motion.").

The government's motion is nevertheless unmeritorious. The government has suggested that the First Circuit's decision in In re Bulger, 710 F.3d 42 (1st Cir. 2013), represents a "significant" change in circumstances since it took its position on recusal in 2010. See Mem. of U.S. in Resp. to the Ct.'s Nov. 29, 2013 & Dec. 5, 2013 Orders at 7 (Docket No. 1263).[3] Bulger was decided on March 14, 2013. On July 25, 2013, the First Circuit affirmed this court's decision vacating the sentence of death imposed in 2004. See United States v. Sampson, 724 F.3d 150 (1st Cir. 2013). The government has, since that date, known that this court would, in the normal course, continue to preside in this case, as it has since 2001. The government knew before November 27, 2013 of what it characterizes as the second "significant" changed circumstance -- that it had selected Mr. Hafer as the new lead prosecutor in this case, rather than Assistant United States Attorneys with a longer history with it. See Joint Mot. Requesting Status Conference (Docket No. 1254). The government initially presented the issue of the court's possible recusal on December 20, 2013. See Mem. of U.S. in Resp.

---

[3]  The court notes that in a January 26, 2014 memorandum opposing a motion for recusal in United States v. O'Brien, Cr. No. 12-40026-FDS, the government did not claim that Bulger altered the First Circuit's jurisprudence concerning 28 U.S.C. 455(a). See Gov't's Opp'n to Def.'s Mot. for Recusal at 4-5 (Docket No. 245).

to the Ct.'s Nov. 29, 2013 & Dec. 5, 2013 Orders at 7 (Docket No. 1263). The government has, therefore, had many months to do any necessary legal research and consider whether to move for the court's disqualification. If its motion for an extension had been filed earlier, it would have been denied and the court would have required a response on January 28, 2014 -- today -- as originally ordered. However, by waiting until January 28, 2014 to request an extension, the government has frustrated the court's ability to compel compliance with its Order.

In the circumstances, it is hereby ORDERED that the government shall, by 12:00 noon on January 30, 2014, respond to paragraph 1 of the January 22, 2014 Order.[4] If a motion for recusal is filed, Sampson's response shall be filed by February 6, 2014.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE

---

[4] As stated at the January 21, 2014 hearing, see Tr. at 23, and as required by Rule 7.1(b)(1) of the Local Rules of the United States District Court for the District of Massachusetts, if the government files a motion it must at the same time file a supporting memorandum, citing cases, and an affidavit supporting the facts on which the motion is based.

4