UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 01-10384-MLW |
| | ) | |
| GARY LEE SAMPSON | ) | |

MEMORANDUM AND ORDER (UNDER SEAL)

WOLF, D.J.                                                May 9, 2003

On January 17, 2003, the court arraigned defendant Gary Lee Sampson on the Second Superseding Indictment and discussed with counsel a schedule to prepare this case for trial. As reflected in paragraph 5 of the January 21, 2003 Order memorializing the schedule established on January 17, 2003, the court ordered that Sampson file by May 5, 2002 any notice required by Federal Rule of Criminal Procedure 12.2.

Rule 12.2(b) requires, among other things, that a defendant give notice before trial if he intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on the issue of punishment in a capital case. Pursuant to Rule 12(c)(1)(B), "[i]f the defendant provides notice under Rule 12.2(b) the court may, upon the government's motion, order the defendant to be examined under procedures ordered by the court."

At the January 17, 2003 hearing the government stated that if a Rule 12.2 notice were filed, it would promptly request an examination. Sampson's counsel stated that he did not anticipate

As this Memorandum and Order is cited referenced in the January 22, 2014 Order, ¶ 4 e, it is hereby UNSEALED.

Wolf, D.J.
Jan. 28, 2014

opposing any such request.[1]

On May 5, 2003 Sampson filed a Notice Pursuant to Fed. R. Crim. P. 12.2 (the "Notice"), which states that "he may introduce, at the penalty phase of this capital case, expert evidence relating to a mental disease or defect or any other mental condition bearing on the issue of punishment." In the related motion to seal the Notice defendant acknowledged that, "[w]here such a notice is filed, the court may, upon motion by the government, order the examination of the defendant 'under procedures ordered by the court.'"

The Notice is sufficient to preserve Sampson's right to present evidence relating to a mental disease or defect or any other mental condition on the issue of punishment in this capital case. The Notice also provides the government the right to request an examination of Sampson pursuant to Rule 12.2(c)(1)(B). As provided by Rule 12.2(c)(2) the results and reports of any such examination would be sealed and could not be disclosed to any attorney for the government unless the defendant is found guilty of one or more capital crimes and confirms an intent to offer during sentencing proceedings expert evidence on his mental condition.

Nevertheless, the government has filed, with a request to seal, a Motion to Strike Notice Pursuant to Fed. R. Crim. P. 12.2.

---

[1] The parties are hereby ORDERED to purchase the transcript of the January 17, 2003 hearing.

4

The motion to strike is based on the fact that Sampson's Notice expresses uncertainty about whether he will introduce expert evidence at any penalty phase of this case and a concern that, because of this equivocation, the government will be deprived of its right to request an examination of the defendant.

If the defendant had expressed a clear intention to offer expert evidence of his mental condition, he would have been free to change his mind and withdraw the Notice. See Fed. R. Crim. P. 12.2(e). Moreover, as stated earlier, the Notice is sufficient to provide the government the right to request an examination of Sampson. See also defendant's Motion with Incorporated Memorandum, To Seal Defendant's Notice Filed Pursuant to Fed. R. Crim. P. 12.2 ("Where such a notice is filed, the court may, upon motion from the government, order the examination of the defendant 'under procedures ordered by the court.'"). Therefore, it is not necessary or appropriate to strike the Notice.

Accordingly, it is hereby ORDERED that:

1. The defendant's Notice pursuant Fed. R. Crim. P. 12.2 (Docket No. 150), the related motion to seal (Docket No. 151), the Government's Motion to Strike Defendant's Notice Pursuant to Fed. R. Crim. P. 12.2 (Docket No. 158), and the related motion to seal (Docket No. 157), are ALLOWED.

2. The foregoing filings and this Order are SEALED pending

further Order of this court.[2]

3. The government's Motion to Strike Defendant's Notice Pursuant to Fed. R. Crim. P. 12.2 (Docket No. 158) is DENIED.

4. The government shall, by May 16, 2003, file either (i) a motion requesting that Sampson be examined and describing the procedures that it proposes for the examination or (ii) a request for a brief extension of time to make that submission.

UNITED STATES DISTRICT JUDGE

---

[2] At the May 22, 2003 hearing the court will address, in a lobby conference with counsel, whether any or all of the impounded submissions should remain sealed. See, e.g., United States v. Salemme, 985 F. Supp. 193, 195 (D. Mass. 1997)

6