UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
v. ) Cr. No. 01-10384-MLW
)
GARY LEE SAMPSON )

ORDER

WOLF, D.J.                                                  March 19, 2014

For the reasons stated in court on March 18, 2014,[1] it is hereby ORDERED that:

1. The government shall, by March 27, 2014, report, under seal if requested, concerning how defendant Gary Sampson will be transported, and where and under what circumstances he will be held in custody when he is required to appear in court in Boston, Massachusetts. The government shall also state whether and, if so, how Sampson would be returned to Terre Haute, Indiana if he is required to appear in court in Boston, Massachusetts for the June 4, 2014 status conference or for the August 12, 2014 hearing.*

2. The government shall, by March 31, 2014, file an amended notice of intent to seek the death penalty pursuant to 18 U.S.C. §3593(a).

---

[1] Dates and other matters in this Order which were not stated in court are denoted with an asterisk (*).

3. Sampson shall, by April 14, 2014, provide the government with notice of the mitigating factors he may seek to prove at trial, without prejudice to his right to supplement this disclosure as his preparation for trial progresses.[2]

4. By April 25, 2014:

a) The government shall: (i) provide Sampson with the discovery described in Rules 116.1(c)(1) and 116.2(b)(1) of the Local Rules of the United States District Court for the District of Massachusetts, or identify any such discovery previously produced; and (ii) produce, or identify if previously produced, any evidence or information in the possession, custody, or control, of any federal, state, or local law enforcement agency that has participated in the investigation or prosecution of this case, which tends to prove any alleged mitigating factor identified by Sampson.

b) Sampson shall file any motion to disqualify any prosecutor because of his exposure to alleged privileged information earlier in these 28 U.S.C. §2255 proceedings or for any other reason then known, or state that no such motion will be filed.

---

[2] For the purposes of this Order, a mitigating factor is a "relevant circumstance that could cause [a juror] to decline to impose the [death] penalty." McLeskey v. Kemp, 481 U.S. 279, 305-06 (1987); see also United States v. Sampson, 275 F. Supp. 2d 49, 61 (D. Mass. 2003).

c) The parties shall confer and, jointly if possible but separately if necessary: (i) state whether the foreseeable examinations by defense and government experts to develop evidence to be presented at trial concerning mental illness as a possible mitigating factor could also serve to provide the court with opinions concerning whether Sampson is competent to stand trial and, therefore, further inform the court's decision as to whether a competency evaluation is required pursuant to 18 U.S.C. §§4241 and 4247(d);* and (ii) propose a protocol to be employed if the court orders a competency evaluation of Sampson. See Fed. R. Cr. P. 12.2(c)(1)(A); cf. United States v. Sampson, 335 F. Supp. 2d 166, 242-43 (D. Mass. 2004); May 23, 2003 Order (Docket No. 180, attached to March 17, 2014 Order); June 27, 2003 Order (Docket No. 217, attached to March 17, 2014 Order).

d) The parties shall report their respective positions concerning whether Sampson should participate in the June 4, 2014 status conference, in person or by videoconference, so the court can question him as part of its effort to determine whether a competency evaluation should be conducted, and possibly to confirm or qualify the representations of his counsel that Sampson does not believe that this court's association with Assistant United States Attorney Zachary Hafer requires its recusal under 28 U.S.C. §455(a) and, in any event,

Sampson waives any such ground for recusal under 28 U.S.C. §455(e).

5. Sampson shall, by May 23, 2014, submit to the United States Attorney his request for the withdrawal of the notice of intent to seek the death penalty.[3]

6. A status conference shall be held on June 4, 2014, at 10:00 a.m.* The parties shall, by May 28, 2014, confer and submit jointly a proposed agenda for the status conference, which should, among other things, identify foreseeable discovery and substantive motions.* Among other things, the court intends to address at the status conference whether a competency evaluation of Sampson should be conducted, and the nature of the foreseeable discovery and substantive motions to be filed.

7. The parties shall comply with Local Rules 116.3 (concerning discovery motion practice), 116.4 (concerning tape recordings and transcripts), 116.6 (concerning declination of disclosure and protective orders), 116.7 (concerning duty to supplement discovery disclosures), 116.8 (concerning notification to relevant law enforcement agencies of discovery obligations), and 116.9 (concerning preservation of notes).

---

[3] The parties shall confer and, if the government does not object, Sampson shall file, under seal, a copy of the request.*

4

The parties are not required to comply with the page limitations concerning motions and memoranda set forth in Local Rule 7.1(b)(4).

8. The parties shall, by June 30, 3014, file any motions concerning discovery and inspection. Responses shall be filed by July 18, 2014, and any replies shall be filed by July 29, 2014.* Sampson may also then file some, if not all, of his substantive motions. Any substantive motions shall, among other things, address the implications of the law of the case doctrine concerning remands for resentencing. See United States v. Wallace, 573 F.3d 82, 88-89 (1st Cir. 2009).

9. A hearing on any pending motions and a status conference shall be held on August 12, 2014, at 10:00 a.m.*

10. By October 20, 2014:

    a) Sampson shall file an updated notice, pursuant to Federal Rule of Criminal Procedure 12.2(b), of intent to introduce expert evidence relating to a mental disease, defect, or condition bearing on the issue of punishment, and a proposed protocol for any related government examination of him. See paragraph 3(c) hereinabove.

    b) The parties shall make the disclosures concerning experts required by Federal Rule of Criminal Procedure 16(a)(1)(G) and 16(b)(1)(C).

11. Jury selection shall begin on February 17, 2015. Sampson's motion to begin trial at a later date (Docket No. 1309) is, therefore, DENIED.

                                                          _____
                                                          UNITED STATES DISTRICT JUDGE