```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 01-10384-MLW |
| | ) | |
| GARY LEE SAMPSON | ) | |

MEMORANDUM AND ORDER

WOLF, D.J.                                                May 29, 2014

I.   THE PARTIES' SUBMISSION CONCERNING FORESEEABLE MOTIONS

On March 18, 2014, the court held a hearing devoted, in part, to discussing and establishing a schedule for various pretrial submissions. The schedule established orally on March 18, 2014, as well as additional instructions, were memorialized in an Order issued March 19, 2014. Among other things, the court scheduled a status conference for June 4, 2014, and ordered the parties to, "by May 28, 2014, confer and submit jointly a proposed agenda for the status conference, which should, among other things, identify foreseeable discovery and substantive motions." Mar. 29, 2014 Order ¶6.

The court explained that the parties' May 28, 2014 submission was intended to permit the court to address, at the June 4, 2014 status conference, "the nature of the foreseeable discovery and substantive motions to be filed." Id. The court explained the significance of the May 28, 2014 submission in greater detail at the March 18, 2014 hearing, stating that:

> I think when we have this next hearing, it will be possible to identify whether there are likely to be any discovery motions and also I would want to identify . . . what substantive motions, dispositive motions, constitutional motions, the defendant has in mind . . . and set up a reasonable schedule for the briefing and decision on those motions.

Mar. 19, 2014 Tr. at 90; see also id. at 14 ("I expect that there are a number of motions you hope to present that you can identify and begin working on now . . . of a substantive nature"); id. at 40 ("I am going to see you before June 30th . . . and if there really aren't going to be discovery disputes, I want to get a faster start on the substantive motions").

On May 28, 2014, the parties filed a Joint Proposed Agenda in Response to the March 19, 2014 Order (the "Joint Agenda"). The Joint Agenda lists several types of discovery motions that Sampson expects to file. It also states that Sampson intends to file a Motion to Disqualify Government Team Members Exposed to Privileged or Protected Materials Absent Adequate Alternative Safeguards. This motion was indeed filed, also on May 28, 2014. However, the Joint Agenda does not identify specific substantive motions, including motions which will present constitutional issues or other dispositive motions, that Sampson intends to file. Some such motions, at least, should be foreseeable before discovery has been completed. For example, among other things, the Joint Agenda does not state whether Sampson at present

intends to renew any of the challenges to the constitutionality of the Federal Death Penalty Act, 18 U.S.C. § 3591 (the "FDPA"), that were previously decided in United States v. Sampson, 275 F. Supp. 2d 49 (D. Mass. 2003) and United States v. Sampson, 332 F. Supp. 2d 325 (D. Mass. 2004). Those challenges included, but were not limited to: (a) the argument that the FDPA is unconstitutional because of the risk of executing innocent individuals, see Sampson, 275 F. Supp. 2d at 72-86; and (b) the argument that the FDPA is unconstitutional because of the so-called "white victim effect," see Sampson, 332 F. Supp. 2d at 335-41.[1]

The Joint Agenda does not, therefore, provide the information necessary for the court to consider in establishing a reasonable and reliable schedule for the briefing and decision of Sampson's foreseeable substantive motions. Accordingly, Sampson is being ordered to file, by 4:00 p.m. on June 2, 2014, a statement identifying with specificity the foreseeable substantive motions, including motions raising constitutional issues and other dispositive motions, that he intends to file or is contemplating filing.

---

[1] Sampson has suggested that he will attempt to litigate the "white victim effect" issue again in his Memorandum Supporting Motion for Revision of Current Scheduling Order at 6 n.2.

II.  THE GOVERNMENT'S SUBMISSION CONCERNING SAMPSON'S TRANSPORT TO BOSTON AND HOUSING IN THE BOSTON AREA

The March 19, 2014 Order required the government to report, by March 27, 2014, "how defendant Gary Sampson will be transported, and where and under what circumstances he will be held in custody when he is required to appear in court in Boston, Massachusetts." Mar. 19, 2014 Order ¶1. The government was also ordered to state, in the same report, "whether and, if so, how Sampson would be returned to Terre Haute, Indiana if he is required to appear in court in Boston, Massachusetts for the June 4, 2014 status conference or for the August 12, 2014 hearing." Id. The court ordered that government's report could be filed "under seal if requested." Id. At the March 18, 2014 hearing, the court had stated that the government's filing could be made "under seal as long as [it was] served." Mar. 18, 2014 Tr. at 94.

The government filed its report on these matters (the "Report on Transportation and Housing") on March 27, 2014, as ordered. The government then moved for leave to submit the Report on Transportation and Housing ex parte, and stated that Sampson had assented to this request. The court allowed the government's motion and permitted the Report on Transportation and Housing to be submitted ex parte. However, the court now

4

finds that the information provided in the Report on Transportation and Housing is relevant to the questions of whether and when an evaluation of Sampson's competency should be ordered. Accordingly, the government is being ordered to serve the Report on Transportation and Housing on Sampson's counsel forthwith, so its implications for a possible competency evaluation, among other things, can be discussed at the June 4, 2014 hearing. The Report on Transportation and Housing shall, however, remain sealed, at least temporarily.

III. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. By 4:00 p.m. on June 2, 2014, Sampson shall submit a statement identifying with specificity the foreseeable substantive motions, including motions raising constitutional issues and other potentially dispositive motions, that he intends to file or is contemplating filing. Among other things, this submission shall state whether Sampson intends to renew the challenges to the constitutionality of the FDPA discussed in Section I hereinabove.

2. The government shall serve forthwith the Report on Transportation and Housing on Sampson's counsel.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE