UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
         v.                     )    Cr. No. 01-10384-MLW
                                )
GARY LEE SAMPSON                )

                       MEMORANDUM AND ORDER

WOLF, D.J.                                        August 11, 2014

     In his August 7, 2014 Response to Court Orders, defendant Gary Sampson argues briefly, and for the first time, that his conversations with mental health professionals for the Bureau of Prisoners (the "BOP") are protected by the psychotherapist-patient privilege. Based on this and other arguments, Sampson contends that the psychiatrist who will examine his competency should not be permitted to access the BOP's records concerning his mental health. The government has not addressed this issue.

     The Supreme Court recognized the psychotherapist-patient in Jaffee v. Redmond, 518 U.S. 1 (1996), holding that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." 518 U.S. at 15. Under Jaffee, "a party asserting the psychotherapist-patient privilege must show that the allegedly privileged communications were made (1) confidentially (2) between a licensed psychotherapist and her patient (3) in the

course of diagnosis or treatment." In re Grand Jury Procs., 183 F.3d 71, 73 (1st Cir. 1999) (citing Jaffee, 518 U.S. at 15).

The confidentiality element of Jaffee requires that "the communication . . . be made in a confidential or private setting, outside the presence of third parties and not intended to be disclosed to others." United States v. Whitney, Cr. No. 05-40005-FDS, 2006 WL 2927531, at *2 (D. Mass. Aug. 11, 2006); United States v. Ghane, 673 F.3d 771, 782 (8th Cir. 2012). The question of whether the communications occurred in the course of diagnosis or treatment "calls for a fact-intensive analysis." United States v. Loughner, 782 F. Supp. 2d 829, 832 (D. Ariz. 2011). The Ninth Circuit has stated that facts relevant to this analysis:

> may include the historical nature of the relationship between the individual and his confidante; the patient's purpose in making the communication; the nature of the contact; the timing and location of the communication; objective data, such as medical records, which corroborate the counseling contact; and whether mental health services were provided or requested during the communication.

United States v. Romo, 413 F.3d 1044, 1047 (9th Cir. 2005). Both the Ninth Circuit in Romo and the District of Arizona in Loughner found that certain communications between inmates and licensed psychotherapists were not, in the circumstance of those

2

cases, made in the course of diagnosis or treatment. See Romo, 413 F.3d at 1049; Loughner, 782 F. Supp. 2d at 832-33.

"[T]he proponent of the privilege must set forth facts sufficient to establish all the elements of the claimed privilege." In re Grand Jury Procs., 183 F.3d at 73; Romo, 413 F.3d at 1047. Sampson has not identified specific mental health records that are, in his view, privileged. He has also not submitted an affidavit or other evidence in support of the factual elements that he, as the proponent of the privilege, is required to prove. See Whitney, 2006 WL 2927531, at *4. More specifically, Sampson has not offered evidence indicating that he made any particular communications (1) confidentially, (2) to a licensed psychotherapist, (3) in the course of diagnosis or treatment. See In re Grand Jury Procs., 183 F.3d at 73; Romo, 413 F.3d at 1047.

In view of the foregoing, it is hereby ORDERED that:

1. At the August 12, 2014 hearing, the parties shall be prepared to address, among other things:

    a) Whether the elements of the psychotherapist-patient privilege recognized in Jaffee are satisfied in this case and, if not, whether Sampson is prepared to identify and have disclosed to the government particular documents he contends are privileged.

3

      b)  Whether it would be most appropriate for Sampson to present written or oral testimony concerning the facts necessary to support an assertion of privilege under Jaffee.

      C)  Whether, if Sampson provides testimony pursuant to paragraph 1(b) hereinabove, he will be subject to cross-examination. Cf. United States v. Baskin, 424 F.3d 1, 3 (1st Cir. 2005).

    2.  The parties shall also be prepared to address this court's decision in Klein v. MHM Correctional Servs., Inc., Civ. A. No. 08-11814-MLW, 2010 WL 3245291 (D. Mass. Aug. 16, 2010), concerning the scope, if any, of a prisoner's constitutional right to privacy in his medical records.

    3.  The June 6, 2014 Order Concerning Transportation is hereby UNSEALED.

    4.  The attached July 17, 2014 Letter from Michael Tafelski, Esq. shall be docketed for the public record in this case.

                                                        _/s/ Mark L. Wolf_
                                         UNITED STATES DISTRICT JUDGE



**U.S. Department of Justice**

Federal Bureau of Prisons

*Northeast Regional Office*

*Via email and Via Fed Ex hard copy*

U.S. Custom House
2nd & Chestnut Streets - 7th Floor
Philadelphia, PA. 19106

July 17, 2014

The Honorable Mark L. Wolf
United States District Court
District of Massachusetts
John W. McCormack Courthouse
Boston, MA   02210

      Re:  <u>United States v. Gary Lee Sampson</u>,
           Crim. No. 01-10384-MLW (D. MASS)

Dear Judge Wolf:

    This is in response to the Court's Orders in the above-referenced case.

    In response the June 6, 2014, Court Order (Docket No. 1362), (and reminder in the June 30, 2014, Court Order(Docket No. 1392)) the Bureau of Prisons (BOP) construed the July 10, 2014, letter from the undersigned as satisfying the requirements set forth in that order.  It was construed that the "no later than two weeks before the examination" was intended "to permit the necessary arrangements for Sampson's travel to be made by the Marshal Service." In addition, after further review of the July 10, 2014, letter, it appears an expected time frame for the examination was inadvertently submitted. It was not expected or anticipated by the undersigned, at the time of that letter, that the Defendant would be moved and any formal evaluation process would be initiated the following week. It is noted the Court and parties had been previously made aware (See reference in July 16, 2014 Court Order (Docket No. 1407) citing June 4, 2014 Tr at 99-100) such an evaluation would not be available for eight to twelve weeks.

    In response to the July 10, 2014, Court Order (Docket No. 1398), addressing whether the aforementioned July 10, 2014, letter needs to remain under seal, the BOP's position is that none of the letter needs to remain under seal.

Honorable Mark L. Wolf
<u>United States v. Gary Lee Sampson</u>,
Crim. No. 01-10384-MLW (D. MASS)
July 17, 2014
Page Two


In response to the issue of "whether the Examiner should be denied access to any categories of BOP records concerning Sampson" (referenced in Docket No. 1392 and Docket No. 1398), the BOP interpreted the Court's briefing directed to be directed to the United States Attorney's Office and the Defendant. To the extent the Court wishes to hear from the Bureau of Prisons, it is noted the previously identified Psychiatrist has indicated the categories of records he would access in conducting his evaluation (see July 10, 2014 letter), has indicated his access to BOP information has never previously been constrained, and indicates the more information he can access, the more accurate and thorough would be his final report. If the Court seeks more information, it is respectfully requested the Court permit the BOP to provide such in the response being submitted on July 23, 2014 (as Ordered in Docket No. 1407).

I trust this information is responsive to the Court's Order. If you have any questions or concerns, please do not hesitate to contact me.

Sincerely,

Michael D. Tafelski
Regional Counsel