UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 01-10384-MLW |
| | ) | |
| GARY LEE SAMPSON | ) | |

ORDER CONCERNING BUREAU OF PRISONS
EXAMINER

WOLF, D.J.                                      September 9, 2014

Defendant Gary Sampson has filed a motion requesting that the court direct the Bureau of Prisons ("BOP") to limit its competency evaluation of Sampson, and the related report to the court, to the issues defined in the June 6, 2014 and June 20, 2014 Orders (the "Motion") (Docket No. 1522). The Motion is meritorious.

The court ordered Sampson to be evaluated by the BOP pursuant to 18 U.S.C. §4241(a) because it found reasonable cause to believe that Sampson may be "'mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.'" June 6, 2014 Order Concerning Competency Evaluation (quoting §4241(a)). Therefore, the BOP Examiner was ordered to "conduct a psychiatric examination of Sampson in accordance with 18 U.S.C. §4247(b)," id. ¶1, and "prepare a report in accordance with 18 U.S.C. §4247(c)," id. ¶2. When a report is ordered under §4241, the Examiner is

authorized and required to provide an opinion on two, and only
two, issues concerning a defendant's competence to stand trial:
whether the defendant "is unable to understand the nature and
consequences of the proceedings against him or to assist
properly in his defense." 18 U.S.C. §4247(c)(4)(A).

The June 30, 2014 Memorandum and Order stated, in part,
that:

> The parties shall not communicate directly with the
> Examiner without authorization from the court. The
> Examiner also shall not communicate directly with the
> parties without authorization from the court.

June 30, 2014 Mem. and Order ¶2. The reason for this Order was
explained. In response to Sampson's objection to the competency
evaluation being conducted by the BOP, the court wrote that it:

> expects that the BOP's Examiner will remain, as
> required, "neutral and detached." United States v.
> Reason, 549 F.2d 309, 311 (4th Cir. 1977) (quoting
> United States v. Theriault, 440 F.2d 713, 715 (5th
> Cir. 1971)). However, in order to protect and promote
> the Examiner's neutrality, all future communication
> with the Examiner will be conducted by the court. The
> parties are, therefore, being ordered not to
> communicate with the Examiner without the prior
> authorization of the court.

Id. at 7. In a footnote to that statement the court wrote, "[i]f
the Examiner wishes to question Sampson's counsel as part of his
evaluation, the court intends to allow him to do so because the
relevant questions include whether Sampson 'is unable to
understand the nature and consequences of the proceedings

2

against him or to assist properly in his defense.' 18 U.S.C.
§4241(a)." Id. at 7 n.2. In the context of the unqualified order
prohibiting direct communications without the authorization of
the court, this statement should have communicated to the
Examiner and counsel that a request to the court and its
authorization were required before they could speak subject to
whatever conditions the court might deem appropriate and order.

If Ms. Recer's affidavit in support of the Motion is
accurate, it appears that the BOP Examiner, Dr. Bryon Herbel,
has proposed, or conducted, tests that are not necessary or
appropriate to evaluate Sampson's competency and, at least in
part on the basis of those tests, intends to report his opinions
on a wider range of issues than authorized by §§4241(a) and
4247(c)(4)(A), and the June 6, 2014 Order.   In addition, it
appears that he has repeatedly violated the June 30, 2014 Order
by directly communicating with Sampson's counsel.    The
government's September 5, 2014 Notice Regarding Request for
Sampson's [Presentence] Report by the Competency Examiner
indicates that Dr. Herbel also violated the June 30, 2014 Order
by directly communicating with the government.

In view of the foregoing, it is hereby ORDERED that:

1.   Dr. Bryon Herbel, and other employees of the BOP
working with him, shall limit the examination and testing of

3

Sampson to what is necessary to evaluate Sampson's competency to stand trial, as defined in §4241(a), and shall report only on the issues described in §4247(c)(4)(A).

2.    As ordered on June 30, 2014, Dr. Herbel shall file his report pursuant to 18 U.S.C. §4247(c)(4)(A) with the court, under seal.    Notwithstanding paragraph 2 of the June 6, 2014 Order Concerning Competency Evaluation, the Examiner shall not provide his report to the parties.    See June 30, 2014 Mem. & Order, ¶6.[1]

3.    By September 22, 2014, Dr. Herbel shall file an affidavit:

(a)  Stating that he has read this Order.

(b)  Stating whether or not he read the June 6, 2014 Order Concerning Competency Evaluation and June 30, 2014 Memorandum and Order.

(c)  Explaining: (i) whether the examination of Sampson has gone beyond that necessary to develop an opinion on Sampson's competency to stand trial; and (ii) if so, what has been done beyond that necessary to address the question of Sampson's competence to stand trial and why.

---

[1] The court intends to order that Sampson be returned directly to USP Terre Haute, Indiana after it receives the Examiner's report and is satisfied that no further evaluation is required.

4

This explanation should address whether an MMP1-2 test was administered to Sampson and, if so, whether it was deemed necessary to evaluate Sampson's competency to stand trial. If it was not, the results of the MMP1-2 test shall not be included, or relied upon, in the Examiner's report pursuant to §4247(c)(4)(A).

(d) Describing any direct communications he has had with counsel for Sampson or the government, including but not limited to whether he disclosed his opinion concerning Sampson's competency to stand trial to defense counsel, and explaining why he had those direct communications without requesting or receiving authorization from the court.

4. Except to the extent that it would interfere with any ongoing evaluation, while Sampson is at FMC Butner, North Carolina, his counsel shall be provided free access to Sampson comparable to the access provided at USP Terre Haute, Indiana. See 18 U.S.C. §3005.

5. The Clerk shall serve this Order on Michael Tafelski, Esq., the BOP's Northeast Regional Counsel, for delivery to Dr. Herbel. Mr. Tafleski shall instruct Dr. Herbel to read this Order, explain it to him, and confirm forthwith that he has done so.

5

UNITED STATES DISTRICT JUDGE