```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

```
UNITED STATES OF AMERICA      )
                              )
         v.                   )   Cr. No. 01-10384-MLW
                              )
GARY LEE SAMPSON              )
```

ORDER CONCERNING GOVERNMENT'S MOTION FOR
AN ORDER TO SHOW CAUSE

WOLF, D.J.                                    September 15, 2014

On September 3, 2014, the government filed a motion seeking an order requiring that defendant Gary Sampson's counsel Danalynn Recer, Esq. seek to show cause why she should not be sanctioned for violating the Order that:

> The parties shall not communicate directly
> with the [Bureau of Prisons] Examiner
> without authorization from the court.

June 30, 2014 Mem. and Order ¶2 (the "Motion"). That Order also stated that:

> The Examiner also shall not communicate directly
> with the parties without authorization
> from the court.

Id.

As the court explained in the September 9, 2014 Order Concerning Bureau of Prisons Examiner, at 3, the June 30, 2014 Memorandum and Order "should have communicated to the Examiner and counsel that a request to the court and its authorization were required before they could speak subject to whatever

conditions the court might deem appropriate and order." (Emphasis added). However, the affidavit of Ms. Recer filed on August 30, 2014 (Docket No. 1523-2) is replete with references to direct communications she had with the Examiner in apparent violation of the June 30, 2014 Order.

Ms. Recer's response to the Motion is due on September 17, 2014. See Rule 7.1(B)(2) of the Local Rules of the United States District Court for the District of Massachusetts; Fed. R. Crim. P. 45(a)(1) & advisory committee's note. The court is extending the time for that response by one day.

The government argues that the court should find that Ms. Recer knowingly and willfully violated the June 30, 2014 Order, and that the court should impose financial sanctions for the violation(s). Ms. Recer shall respond to these contentions. In addition, she shall address whether the court should, before or after trial, institute criminal contempt proceedings against her pursuant to Federal Rule of Criminal Procedure 42(a).[1] In her response, Ms. Recer shall also describe the communications between the Examiner and William McDaniels, Esq., on August 26, 2014. See Recer Aff. ¶6.

---

[1] If sanctions are justified, they could include revoking Ms. Recer's admission pro hac vice to practice before the court and removing her as counsel in this case. The court is not now inclined to do so because it does not wish to disrupt the progress of this case to trial in February 2015.

In view of the foregoing, it is hereby ORDERED that:

1. As previously ordered, counsel, including but not limited to Ms. Recer, shall not communicate directly with the Bureau of Prisons Examiner, Dr. Bryon Herbel, or any professional working with him in evaluating Sampson's competency.

2. By September 18, 2014, at 6:00 p.m., Ms. Recer shall file an affidavit and memorandum in response to the Motion, which addresses at least the issues described in this Order.

                                                                      /s/ Mark L. Wolf
                                            UNITED STATES DISTRICT JUDGE