UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | Cr. No. 01-10384-MLW |
| ) | |
| GARY LEE SAMPSON   ) | |

ORDER CONCERNING COMPETENCY EXAM

WOLF, D.J.                                                September 17, 2014

On August 30, 2014, defendant Gary Sampson filed a motion (Docket No. 1522) relating to the conduct of his court ordered competency evaluation, which was supported by an affidavit of his counsel Danalyn Recer, Esq. Based on statements in Ms. Recer's affidavit, on September 3, 2014, the government filed a motion (Docket No. 1524) requesting that the court order her to seek to show cause why she should not be sanctioned for violating the June 30, 2014 Memorandum and Order (Docket No. 1392) (the "June 30, 2014 Order"), which prohibited the parties from communicating directly with the Bureau of Prisons ("BOP") Examiner evaluating Sampson. Ms. Recer's affidavit also indicated that the Examiner was communicating directly with her, in violation of the prohibition in the June 30, 2014 Order against doing so. In addition, Ms. Recer's affidavit suggested that the Examiner might be exceeding the scope of the evaluation that he was ordered and authorized to conduct.

Therefore, on September 9, 2014, the court issued an Order Concerning Bureau of Prisons Examiner (Docket No. 1528) (the "September 9, 2014 Order") to assure that the Examiner understood and obeyed its prior orders, and to determine the extent, if any, to which he had violated those orders.[1] On September 15, 2014, the court ordered Ms. Recer to respond to the government's motion seeking sanctions against her (Docket No. 1555).

On September 12, 2014, the government filed an opposition to Sampson's submission concerning the conduct of the competency examination (Docket No. 1552) and asked that the September 9, 2014 Order be stayed. The request for a stay is substantially based on an evident misunderstanding of the September 9, 2014 Order. In that Order, the court did not find that Sampson had a right to counsel during the competency evaluation. Rather, the

---

[1] Pursuant to Rule 7.1(B)(2) of the Local Rules of the United States District Court for the District of Massachusetts, the government was required to respond to Sampson's motion within 14 days after it was served, meaning by September 13, 2014. Ordinarily, the court would not have acted on Sampson's motion before the government had filed its response. However, based on the facts stated in Ms. Recer's supporting affidavit it appeared that the Examiner and she were violating the June 30, 2014 Order, that the reliability of the competency evaluation was threatened, and that there was an immediate need to minimize the risk of problems with the evaluation that could, among other things, generate litigable issues, require that the evaluation be done again, and delay the trial. Therefore, the court issued the September 9, 2014 Order before receiving the government's response. The government has requested reconsideration of that Order. The court is now addressing that request.

court reiterated that Sampson's counsel had been ordered not to communicate directly with the Examiner and that the Examiner had been ordered not to communicate directly with counsel. See Sept 9, 2014 Order at 2-3. Similarly, contrary to the government's contention, the court did not order the Examiner not to administer an MMPI-2 test to Sampson or direct him not to include the results of any such test in his report. Rather, the Examiner was ordered to explain whether, if an MMPI-2 had been administered, the test was utilized because the Examiner believed it was necessary to develop an opinion on Sampson's competency to stand trial or was administered for some other purpose; he was also ordered not to rely upon or include the results of the test in his report pursuant to 18 U.S.C. 4247(c)(4)(A) if it was administered for some purpose other than to evaluate Sampson's competency to stand trial. See Sept. 9, 2014 Order ¶3(c). Similarly, the court did not order the Examiner not to conduct neurological testing if it is in his opinion necessary or appropriate to evaluate Sampson's competency to stand trial.

 The court has considered the government's arguments in support of a stay of the September 9, 2014 Order and does not find them persuasive. Therefore, the requested stay of that Order is being denied.

In the September 9, 2014, at 4 n.1., the court stated that it "intends to order that Sampson be returned directly to Terre Haute, Indiana after it receives the Examiner's report and is satisfied that no further evaluation is required." The government argues that Sampson should be transferred instead to Massachusetts. The court now intends to decide this issue after it receives the Examiner's report.

In view of the foregoing, it is hereby ORDERED that:

1. The government's request to stay the September 9, 2014 Order Concerning Bureau of Prisons Examiner (Docket No. 1528) is DENIED.[2]

2. Sampson shall not be transferred from FMC Butner, North Carolina without further order of the court.

3. The Clerk shall serve this Order on Michael Tafelski, Esq., the BOP's Northeast Regional Counsel, for delivery to the Examiner. Mr. Tafelski shall instruct the Examiner to read the Order, explain it to him, and confirm forthwith by email that he has done so.

---

[2] The court is not now deciding the merits of the government's contention that Ms. Recer improperly interfered with the Examiner's evaluation. The court intends to address that issue in deciding the government's motion seeking sanctions for the alleged violation of the June 30, 2014 Order, to which Ms. Recer has not yet responded.

_____
UNITED STATES DISTRICT JUDGE