UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 01-10384-MLW |
| ) | |
| GARY LEE SAMPSON ) | |

## ORDER CONCERNING MOTION TO DISMISS
## BASED ON THE PRESENTATION TO THE GRAND JURY

WOLF, D.J.                                          December 26, 2014

On July 25, 2014, defendant Gary Sampson filed a Motion to Compel Compliance with Third Discovery Request (Docket No. 1418) (the "Discovery Motion"). The Discovery Motion sought, among other things, an order compelling the disclosure of grand jury transcripts relevant to Sampson's potential claim that the government unlawfully failed to inform the grand jury that returned the Second Superseding Indictment that certain requested findings would make Sampson eligible for the death penalty. Id. at 33-35. On August 1, 2014, Sampson filed a Motion to Strike the Death Notice for Failure to Inform the Grand Jury of the Consequences of Its Special Findings (Docket No. 1436) (the "Motion to Strike"), which made the claim foreshadowed in his Discovery Motion. However, Sampson did not know then whether or not the government had informed the grand jury that its finding would determine whether this would be a capital case.

In August 2014, the court held hearings concerning, among other things, the Discovery Motion. On August 19, 2014, the court issued an order denying the Discovery Motion in part, but allowing it with respect to certain categories of discovery. See Aug. 19, 2014 Order Memorializing Decisions at the Aug. 12 and 14, 2014 Hrgs., ¶4 (Docket No. 1505). The court ordered, in pertinent part, that:

> The government shall, by August 28, 2014, produce to Sampson the transcript(s), if any, of the instructions to the grand jury that returned the Second Superseding Indictment, including but not limited to any instruction(s) that the special findings would make Sampson eligible for the death penalty. If the government did not instruct the grand jury that the special findings would make Sampson eligible for the death penalty, it shall so state.

Id. ¶4(b).

The government requested reconsideration of the foregoing order. See Motion for Reconsideration of Portion of Court's Aug. 19, 2014 Discovery Order, ECF Dkt. No. 1505, ¶4(b) (Docket No. 1515). Sampson opposed that request. See Def.'s Opp. to Gov.'s Mot. for Reconsideration of Portion of Court's Aug. 19, 2014 Discovery Order, ECF Dkt. No. 1505, ¶4(b) (Docket No. 1529).

At a November 12, 2014 hearing, the court denied the government's motion for reconsideration and explained its reasons for doing so. See Nov. 12, 2014 Tr. at 51-57. Among

2

other things, the court stated that if Sampson proved a constitutional violation relating to the grand jury presentation, the court would have to decide on the appropriate remedy. More specifically, the court stated that:

> I note, <u>because this is going to require further briefing by the parties</u>, a constitutional violation may not necessarily require a dismissal. I don't believe the parties have addressed what the remedy for a violation would be, including whether it would be equitable to allow the government to seek a superseding indictment at this point in the case.

Id. at 55 (emphasis added).

On November 14, 2014, the court memorialized its November 12, 2014 oral decision in a written order. That order provided, in pertinent part, that: the government "comply with paragraph 4(b) of the court's August 19, 2014 Order Memorializing Decisions at the August 12 and 14, 2014 Hearings;" Sampson file, by December 8, 2014 any "supplemental memorandum concerning" the Motion to Strike; that any such memorandum "address the appropriate remedy for any alleged violation of his rights;" the government "file any reply by December 22, 2014;" and Sampson "file any sur-reply by January 6, 2015." Nov. 14, 2014 Order ¶¶2-4.

On December 8, 2014, Sampson filed a forty-five page Supplemental Memorandum and two exhibits under seal (Docket No. 1714). One exhibit is a August 8, 2002 grand jury transcript

3

that was produced in response to the November 14, 2014 Order. It indicates that, as Sampson, suspected the grand jury was not informed that its factual findings would determine whether this would be a capital case. In his Supplemental Memorandum, Sampson amplified his argument concerning the failure to instruct, and made several new arguments that could not have been discerned or presented before he received the grand jury transcripts. As ordered, Sampson also addressed the issue of the remedy if a constitutional violation relating to the grand jury were proven.

On December 22, 2014, the government filed its two-page response. See United States' Resp. to Sampson's Supp. Mem. in Support of His Mot. to Strike (Docket No. 1746). The government argued that "[a]s to the several new claims, the supplemental memorandum should only have been used to amplify arguments raised in the motion to dismiss based on the new discovery; it was not a free pass to raise altogether new arguments that were not presented in the motion." Gov. Resp. at 1. The government did not address the merits of the new arguments. The government also did not address the appropriate remedy if Sampson proves a constitutional violation relating to the grand jury.

As the court has stated in the context of some of Sampson's other motions in this case, it is ordinarily not required to

4

decide issues that are raised for the first time in a reply brief. See, e.g., Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, 354 (1st Cir. 1992). However, as the government should have understood from the court's statements at the November 12, 2014 hearing and the text of the November 14, 2014 Order, this principle does not apply to Sampson's claim that the notice in the Second Superseding Indictment that make Sampson eligible for imposition of the death penalty should be struck because the government did not inform the grand jury that some of the facts it was asked to allege would make Sampson eligible for execution, or to the new arguments that could not have been made before Sampson received the August 8, 2002 grand jury transcript. When his motion was filed on August 1, 2014, Sampson did not know whether the grand jury had received the instructions he claims are constitutionally required. The grand jury transcript that has now been disclosed demonstrate that such instructions were not given. Nor could Sampson have known before receiving the August 8, 2002 transcript about the other matters he now contends contribute to the Second Superseding Indictment being constitutionally flawed.

As the court discussed at the November 12, 2014 hearing, there is language in at least two Supreme Court decisions that supports Sampson's claim that a grand jury must be informed of

5

the consequences of findings it is asked to make. See Nov. 12, 2014 Tr. at 53-54. As the court noted, in Vasquez v. Hillery, 474 U.S. 254, 263 (1986), the Supreme Court stated: "In the hands of the grand jury lies the power to charge a greater offense or a lesser offense; numerous counts or a single count; and perhaps most significant of all, a capital offense or a noncapital offense--all on the basis of the same facts." In Campbell v. Louisiana, 523 U.S. 392, 399 (1998), the Supreme Court reiterated this statement. In United States v. Gooch, 2006 WL 3780781, at *18-*19 (D.D.C. Dec. 20, 2006), the district court referenced these Supreme Court decisions and noted that the defendant raising the claim Sampson raises here had presented "a difficult question." Id. at *19. However, in Gooch the issue was moot because the government had informed the grand jury that the findings it was being asked to make could lead to a death sentence. Id.; see also Nov. 12, 2014 Tr. at 53-54.

Accordingly, as explained earlier, this court ordered Sampson to file a "supplemental brief," not a "reply brief," after the relevant grand jury transcripts had been produced. It also directed Sampson to address in that brief the remedy if a constitutional violation were proven. Sampson complied with those directions.

The government's two-page response to Sampson's Supplemental Memorandum does not address the new arguments which could not have been made before the August 8, 2002 transcript was produced. Nor has the government addressed the issue of the proper remedy for any constitutional violation despite the court's statements at the November 12, 2014 hearing and the November 14, 2014 Order.

The court has, at times, criticized the quality of Sampson's submissions. See, e.g., Dec. 23, 2014 Mem. and Order Concerning Continuance at 17-18. In this matter, the government has failed to respond properly to the court's order and to represent the public adequately concerning an issue this court, like the court in Gooch, has characterized as "difficult." See Nov. 12, 2014 Tr. at 54. The government's conduct threatens the court's ability to decide the consequential question Sampson presents properly and efficiently.

In view of the foregoing, it is hereby ORDERED that:

1. The government shall, by January 13, 2015, file a further response to the defendant's Supplemental Memorandum (Docket No. 1714) that addresses, at least: (a) the merits of the new arguments raised in the Supplemental Memorandum; and (b) the remedy if the court finds a constitutional violation relating to the grand jury has been proven. The government is

7

also encouraged, but not required, to amplify its initial response to the motion to dismiss to address the analysis in Sampwson's Supplemental Memorandum. Each of the prosecutors in this case--Zachary Hafer, Esq., Dustin Chao, Esq., Mark Quinlivan, Esq., and Michael Warbel, Esq.--shall certify that he has read the submission before it is filed.

2. The parties shall confer regarding Sampson's request for discovery of grand jury exhibits, including two additional grand jury transcripts and one CD described on pages 43 to 44 of Sampson's Supplemental Memorandum (Docket No. 1714) and, by January 13, 2015, report regarding whether they have reached agreement concerning the requested discovery. If they have not reached agreement, the government shall file a memorandum explaining its position and the authority for it.

3. Sampson shall, by January 27, 2015, file a memorandum addressing the government's response to his Supplemental Memorandum. In addition, he shall explain his position concerning any remaining discovery dispute and provide authority for it.


UNITED STATES DISTRICT JUDGE