UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 01-10384-MLW |
| ) | |
| GARY LEE SAMPSON ) | |

MEMORANDUM AND ORDER CONCERNING
APPOINTMENT OF ADDITIONAL LEARNED COUNSEL

WOLF, D.J.                                            February 5, 2015

On February 3, 2015, in an ex parte, sealed budget proposal, counsel for defendant Gary Sampson requested that Michael Burt, Esq. be appointed as a second attorney for Sampson who is "learned in the law applicable to capital cases" ("learned counsel"). 18 U.S.C. §3005 (requiring that at least one of at least two appointed attorneys satisfy the criteria for learned counsel). On February 4, 2015, the court consulted a federal judge who had substantial experience with Mr. Burt in a capital case and a Contract Budget Attorney for the Defender Services Committee of the Administrative Office of the United States. The court also spoke with Sampson's counsel and Mr. Burt. At a subsequent February 4, 2015 public hearing, the court disclosed the request for Mr. Burt's appointment and summarized the reasons for it. In a lobby conference not open to the public, primarily because the medical condition and related treatment of Sampson's attorney Danalynn Recer, Esq.

would be discussed, cf. United States v. Kravetz, 706 F.3d 47, 63-64 (1st Cir. 2013), the court provided the government with additional details concerning the reasons for the request that Mr. Burt be appointed and the court's inclination to grant it.

The court now finds that there are exceptional circumstances that provide good cause to appoint a second learned counsel generally and Mr. Burt particularly. See 18 U.S.C. §3005; Guide to Judicial Policy, Vol. 7A, Ch. 6, §620.10.10(b) and (c) (the "Guide"). On December 23, 2014, the court postponed the retrial to determine Sampson's sentence scheduled for February 17, 2015, until September 16, 2015, because it was persuaded that defense counsel needed more time to prepare properly for it. See United States v. Sampson, 2014 WL 7333905 at *5-*8 (D. Mass. Dec. 23, 2014). In an ex parte, sealed submission, Decl. of Danalyn Recer in Response to Court Order (D.E. 1756), at 7-8 (Docket No. 1783-1), the court was recently informed that Ms. Recer is receiving treatment for a medical condition that injures her ability to work and, Ms. Recer subsequently explained, may do so for several more months.

The government previously contended that Ms. Recer has been primarily responsible for many "unnecessary and meritless motions and pleadings" and that the court should not authorize compensation for them. See Gov. Mot. and Mem. Pursuant to 18 U.S.C. §3006A, at 1 (Docket No. 1633). Sampson opposes that

2

motion and the court has not decided it. However, the court has been critical of the quality of Ms. Recer's performance. See, e.g., Sampson, 2014 WL 733905, at *6, *7.

The court is now concerned that the stress of striving to meet higher standards as sole learned counsel may be injurious to Ms. Recer's health and, in any event, that she may be unsuccessful in her effort to do so without the assistance of a second learned counsel. Moreover, if Ms. Recer becomes unable to continue as counsel in this case, or to prepare properly on the current schedule, a lengthy postponement of the September 16, 2015 trial date will foreseeably be required unless there is another learned counsel familiar with the case. It is in the interest of the administration of justice to minimize the risk that another postponement of the retrial will be required.

In addition, if Sampson is again sentenced to death, the appointment of a second learned counsel will reduce the risk of a claim that Sampson was not effectively represented because his learned counsel was impaired.

Although they do not rely on Ms. Recer's health, or the treatment she is receiving, in making their request, Sampson's attorneys assert that "[a]n additional experienced capital litigator is necessary to assist current counsel in directing and overseeing the investigation of the case, in recruiting and preparing experts, in litigating complex motions, and in

presenting the defense to the jury." Sealed Ex Parte Budget Request for Appointment of Additional Learned Counsel in a Capital Case (Docket No. 1791 Under Seal) at 15. The court is persuaded that this is correct and that it is most appropriate to appoint Mr. Burt to provide this assistance.

Mr. Burt has considerable experience in capital cases. He has earned a reputation for being both zealous and efficient. Mr. Burt has represented that he can and will devote himself to preparing this case for a retrial beginning on September 16, 2015. The court finds that his participation will make a valuable contribution to the achievement of this goal, and to maximizing the likelihood that the result of the retrial will be both fair and final.

Therefore, the court finds that the unique, exceptional circumstances of this case provide good cause for the appointment of Mr. Burt as a second learned counsel. See 18 U.S.C. §3005; Guide, Vol. 7A, §620.10.10(b) and (c).

Accordingly, it is hereby ORDERED that:

1. Michael Burt, Esq. is appointed as a second learned counsel for Sampson.

2. Mr. Burt shall comply with all Orders issued in this case, including those that direct that: he certify that he has read each substantive motion filed on behalf of Sampson, see Dec. 26, 2014 Amended Order Concerning Scheduling, ¶6 (Docket

4

No. 1756); Sampson seek leave of court before filing any substantive motion, see id., ¶5; and counsel submit vouchers seeking compensation in the manner ordered, see Amended Order Concerning Danalyn Recer, Esq.'s CJA Vouchers (Ex Parte and Under Seal), ¶3 (Docket No. 1757), and Order Concerning Budget for Attorneys and Experts (Ex Parte and Under Seal), ¶2 (Docket No. 1750).

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE