UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   Cr. No. 01-10384-MLW |
| | ) |
| GARY LEE SAMPSON | ) |

ORDER CONCERNING SCHEDULING

WOLF, D.J.                                              February 25, 2015

For the reasons explained at the February 18, 2015 hearing, as an exercise of the inherent authority recognized by Federal Rule of Criminal Procedure 57(b), it is hereby ORDERED that:

1. By March 24, 2015, the government shall:

a) As agreed by the government, file a trial brief which, among other things, describes the evidence the government proposes to introduce in its case-in-chief.

b) Make all disclosures required by Federal Rule of Criminal Procedure 16, other than those required by Rule 16(a)(1)(G).

2. By April 24, 2015:

a) Sampson may file a trial brief.

b) As agreed by the parties, to facilitate motions in limine to be decided, if possible, before jury selection, Sampson shall disclose the evidence he proposes to introduce in his case-in-chief to which he, in good faith, believes the government may object, without prejudice to his right to

supplement this disclosure as his preparation for trial progresses. Sampson is not, however, required to disclose any evidence which is protected by a privilege or exempt from discovery by statute or rule, such as under Federal Rule of Criminal Procedure 16(b)(2). The government may not introduce Sampson's statements concerning this evidence in its case-in-chief, unless the court decides it is in the interests of justice to permit such use.

c) As agreed by the parties, Sampson shall identify all of the mitigating factors on which he then, in good faith, believes he may seek to introduce evidence at trial, without prejudice to his right to supplement this disclosure as his preparation for trial progresses. See Mar. 19, 2014 Order, ¶3 (Docket No. 1319). The government may not introduce Sampson's statements of these factors in its case-in-chief, unless the court decides that it is in the interests of justice to permit such use.

d) The parties shall file proposed jury instructions.

e) Based on the government's representation that it has now made the disclosures concerning experts required by Federal Rule of Criminal Procedure 16(a)(1)(G), Sampson shall make the disclosures concerning experts required by Rule 16(b)(1)(C), other than experts who may present evidence concerning Sampson's

mental condition pursuant to Federal Rule of Criminal Procedure 12.2.

    f)    Sampson shall make all other disclosures required by Rule 16.

2.    The parties shall, by May 15, 2015, file any motions in limine and objections to the other party's proposed jury instructions, and supporting memoranda. Responses shall be filed by May 29, 2015. Any replies shall be filed by June 5, 2015.

3.    Hearings on the motions in limine, jury instructions, and other issues will begin on June 16, 2015, and may continue from day to day. In any event, they shall resume on August 5, 2015, and continue until concluded.

4.    By August 12, 2015[1], the parties shall each file a list of witnesses they intend to call in their case-in-chief.

5.    By August 19, 2015[2], as agreed by the parties, they shall exchange witness statements pursuant to Federal Rule of Criminal Procedure 26.2, with the exception of statements subject to any protective order. The government is encouraged to continue disclosing to Sampson statements, as defined by Rule 26.2(f), prior to August 19, 2015. If the government changes this practice, it shall inform Sampson and the court.

---

[1] This deadline was not stated in court.

[2] This deadline was not stated in court.

6. By August 26, 2015[3]:

a) The parties shall confer and submit, jointly if possible, a proposed jury questionnaire.

b) File any stipulations.

7. A schedule for the filing of exhibit lists and disclosures pursuant to Federal Rule of Criminal Procedure 12.2(c)(2) and (3) will be established separately.

*[signature]*
UNITED STATES DISTRICT JUDGE

---

[3] This deadline was not stated in court.