# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | CRIMINAL 1:01-cr-10384 |
| ) | |
| GARY LEE SAMPSON ) | |

### DEFENDANT'S MOTION TO DISQUALIFY DR. MICHAEL WELNER AND THE FORENSIC PANEL, OR, IN THE ALTERNATIVE, FOR *IN LIMINE* RELIEF CONCERNING THE SCOPE OF ANTICIPATED AND PAST TESTIMONY BY THESE EXPERTS

Undersigned counsel, on behalf of Defendant Gary Sampson and pursuant to Federal Rules of Evidence 702 and 104(a), 18 U.S.C. § 3593(c), and the Fifth and Eighth Amendments to the United States Constitution, respectfully move this Court to disqualify Dr. Welner and the Forensic Panel from testifying in this case, or, in the alternative, to preclude these experts from testifying about, and the government from using in any way, Dr. Welner's prior testimony concerning antisocial personality disorder or psychopathy and other topics as specified herein. For the reasons described in the accompanying Memorandum of Law, relief should be granted because (1) there is no reliable scientific basis for this proposed or past testimony, and thus the testimony is inadmissible under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999), and under the 2000 amendments to Rule 702 in that (a) the testimony is not based upon sufficient facts or data, (b) the testimony is not the product of reliable principles and methods, and (c) Dr. Welner and the Forensic Panel have not applied any accepted principles and methods reliably to the facts of the case; (2) a peer-reviewed evaluation, involving the collaboration of

multiple mental health experts, exceeds the scope of a rebuttal evaluation, and in any event Dr. Welner's diagnosis of psychopathy and ASPD is not proper rebuttal given that the defense will not at the retrial put into issue any claim of a borderline or other personality disorder; and the conclusion, unsupported by the standards of his profession, that Mr. Sampson suffers from antisocial personality disorder or psychopath is not proper rebuttal; (3) any weak probative value of the proposed testimony is also substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury, and is thus inadmissible under 18 U.S.C. § 3592(c), Fed. R. Evid. 403, and the due process, fair trial, and cruel and unusual provisions of the Constitution; (4) the methodology employed by Dr. Welner and the Forensic Panel violates the Confrontation Clause and the Eighth Amendment; (5) the prior testimony was secured in violation of the Sixth Amendment right to the effective assistance of counsel; and (6) this Court has previously excluded most; if not all, of the questioned testimony and should adhere to the prior rulings.

\*   \*   \*

The defense conferred with opposing counsel by telephone regarding the subject of this motion.  The government does not consent to the motion but will review it when received and contact the defense to discuss whether agreement may be reached as to any of the requests.

In compliance with this Court's Amended Order Concerning Scheduling, D.E. 1756 (12/26/2014), by their signatures below, Ms. Recer, Mr. Burt, Mr. McDaniels and Ms. Wicht certify that they have read this submission.

Respectfully submitted,

/s/ Danalynn Recer  
Danalynn Recer, Esq.  
Gulf Region Advocacy Center  
2307 Union Street  
Houston, TX 77007  
(713) 869-4722  

/s/ William E. McDaniels  
William E. McDaniels, Esq.  
Jennifer G. Wicht, Esq.  
Williams & Connolly LLP  
725 Twelfth Street, NW  
Washington, D.C. 20005  
(202) 434-5055  

/s/ J. Martin Richey  
J. Martin Richey, Esq.  
Federal Defender's Office  
51 Sleeper Street  
Boston, MA 02212  
(617) 223-8061  

/s/ Michael Burt  
Law Office of Michael Burt  
1000 Brannan Street  
Suite 400  
San Francisco, CA 94103  
(415) 522-1508  

Dated: March 20, 2015

## CERTIFICATE OF SERVICE

I, Jennifer G. Wicht, hereby certify that a true copy of the above document was filed electronically on March 20, 2015, which will cause the government to be served electronically with a copy of the document.

/s/ Jennifer G. Wicht  
Jennifer G. Wicht, Esq.