```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
           v.               )     Cr. No. 01-10384-MLW
                            )
GARY LEE SAMPSON            )
```

## ORDER

WOLF, D.J.                                        December 17, 2015

As a result of the government's unmeritorious motion for the court's recusal pursuant to 28 U.S.C. §455(a) (Docket No. 2024), its related request that the court defer ruling on substantive matters until the question of recusal was resolved (Docket No. 2037), and its unmeritorious motion for reconsideration after the request for recusal was denied (Docket No. 2093), the previously established intensive schedule for preparing this case for a September 16, 2015 retrial was disrupted.

While the motion for recusal was pending, in an *ex parte* sealed budget submission, Sampson informed the court that he was preparing a request that the Department of Justice withdraw its notice of intent to seek the death penalty in this case (the "Deauthorization Request").

On September 8, 2015, the court denied the motion for recusal and ordered the government to report by October 3, 2015 whether it would seek a writ of mandamus from the First Circuit.

On September 15, 2015, the court ordered the parties to report whether Sampson had filed his Deauthorization Request, whether the Department of Justice would consider it, and how long it would take to decide any such request. See Docket No. 2086 (Under Seal). The United States Attorney's Manual states that, "[t]he fact that a withdrawal request has been made is confidential and may not be disclosed to any party outside the Department of Justice and its investigative agencies." U.S.A.M. §9-10.160(B), 2007 WL 2811444 at *2. In deference to this Department of Justice policy, the September 15, 2015 Order, and subsequent related Orders and submissions, were sealed.

On October 5, 2015, the parties reported, under seal, that Sampson had filed his Deauthorization Request, that the Department of Justice would consider it, and that its review was likely to take 90 to 150 days. See Docket No. 2090 (Under Seal).

On October 13, 2015, the government filed a motion requesting reconsideration of the denial of its motion for recusal. That motion was denied in a November 13, 2015 Memorandum and Order, which directed the government to report whether it intended to petition the First Circuit for a writ of mandamus. On December 1, 2015, the government reported that it would not seek mandamus and requested a scheduling conference during the week of December 14, 2015. Later on December 1, 2015, in a submission made under seal, Sampson reported that he had filed his Deauthorization Request on

October 5, 2015 and, to avoid potentially unnecessary effort and expense, requested that a new schedule not be established until the Deauthorization Request was decided. See Docket No. 2112 (Under Seal). Sampson also stated that he would not object to the unsealing of this submission. Id.

On December 7, 2015, the court issued an Order, under seal, directing the parties to report, by December 14, 2015, whether the Attorney General had decided the Deauthorization Request and, if not, when the decision was likely to be made. See Docket No. 2117 (Under Seal). On December 14, 2015, the government reported, under seal, that the Deauthorization request had been denied. See Docket No. 2119 (Under Seal). In addition, the government requested that Docket Nos. 2112, 2117, and 2119 relating to the Deauthorization Request be unsealed. Id.

As explained earlier, the orders and submissions concerning the Deauthorization Request were ordered sealed in deference to the Department of Justice policy that such requests be treated as confidential and not disclosed to the public. See U.S.A.M. §9-10.160(B), 2007 WL 2811444 at *2. The government no longer wishes to adhere to this policy in this case. Sampson does not object to the impounded submissions solely concerning his Deauthorization Request being unsealed.[1]

---

[1] The parties have not requested, or agreed to, the unsealing of Sampson's ex parte budget submissions.

Accordingly, it is hereby ORDERED that the attached orders and submissions that are Docket Nos. 2086, 2090, 2112, 2117, and 2119 are UNSEALED.

```
                              _____
                              UNITED STATES DISTRICT JUDGE
```