UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 01-10384-LTS |
| | ) | |
| GARY LEE SAMPSON | ) | |
| | _) | |

ORDER ON DEFENSE MOTION
TO TRIFURCATE OR BIFURCATE PROCEEDINGS

April 8, 2016

SOROKIN, J.

The Defendant Gary Lee Sampson pled guilty to two counts of carjacking resulting in

death, a penalty phase jury recommended a sentence of death, and Judge Wolf sentenced him to

be executed.  Judge Wolf conducted the penalty phase trial as a unitary proceeding, with the jury

hearing evidence on gateway mental state factors, statutory aggravating factors, non-statutory

aggravating factors, and mitigating factors prior to determining that Sampson was eligible for the

death penalty and that the death penalty was the appropriate punishment.  The First Circuit

affirmed Sampson's death sentence and virtually all the evidentiary and legal rulings Judge Wolf

made in the course of the sentencing trial.  United States v. Sampson, 486 F.3d 13 (1st Cir.

2007).  Thereafter, however, Sampson brought a habeas petition which resulted in Judge Wolf

vacating the death sentence in light of juror misconduct.  The First Circuit affirmed, ruling that

Sampson is entitled to a resentencing hearing.  Sampson v. United States, 724 F.3d 150, 168 (1st

Cir. 2013).  Before the Court is Sampson's Motion to Trifurcate or Bifurcate his resentencing

trial (Doc. No. 1880), which the government opposes.  Doc. No. 1917.  Sampson requests that

the Court trifurcate the resentencing trial into the following phases:  (1) the "Gateway

Eligibility/Statutory Aggravating Factor Phase," (2) the "Prior Violent Criminal Conduct,

Uncharged Criminal Conduct and Future Dangerousness Phase," and (3) the "Selection Phase."[1]

In the alternative, he asks that the Court bifurcate the resentencing trial into the following phases:

(1) the "Gateway Eligibility Phase", and (2) the "Selection Phase."[2]

Sampson concedes that the decision whether to bifurcate or trifurcate a death penalty

sentencing trial rests within the Court's discretion.  See United States v. Fell, 531 F.3d 197, 240

n.28 (2d Cir. 2008); United States v. Bolden, 545 F.3d 609, 618-19 (8th Cir. 2008).  Sampson

provides no compelling reason, specific to the circumstances of his case, to suggest that the

Court should exercise its discretion to trifurcate or bifurcate the penalty phase trial.  See Bolden,

545 F.3d at 619 (noting that a motion to bifurcate a penalty phase trial "should not be routinely

granted because it further extends and complicates what is already a long and complicated

proceeding").  He argues that if the Court conducts a unitary resentencing trial and the jury hears

all the evidence before rendering its special findings and determination on the appropriateness of

the death penalty, there is a risk that certain evidence concerning non-statutory aggravating

factors, such as victim impact evidence, may influence the jury's special findings on unrelated

issues, such as whether the government has established that Sampson is eligible for the death

---

[1] The first phase would require "determination of the gateway mental state factor and the three
statutory aggravating factors" alleged in the government's amended notice of intent to seek the
death penalty.  Doc. No. 1880 at 1.  Phase two would require "determination of the prior violent
criminal conduct and uncharged criminal conduct" alleged in certain non-statutory aggravating
factors in the amended notice.  Id.  Finally, phase three would require "determination of: (a) all
other 'non-statutory' aggravating factors, (b) mitigating factors, and (c) the balance of all factors
to determine the sentence of life or death."  Id.
[2] Phase one would require "determination of the gateway mental state factor and the three
statutory aggravating factors alleged" in the amended notice, and phase two would require
"determination of the (a) 'non-statutory' aggravating factors[,] (b) mitigating factors, and (c) the
balance of all factors to determine the sentence of life or death."  Doc. No. 1880 at 1-2.

penalty by proving beyond a reasonable doubt the existence of a gateway mental state factor and a statutory aggravating factor.  Courts disagree as to whether a limiting instruction on the proper use of victim impact evidence ameliorates this concern.  Compare United States v. Williams, No. CR-05-920-RSWL, 2008 WL 4644830, at *12 (C.D. Cal. Oct. 15, 2008) ("Any potential for the non-statutory factors to improperly influence the jury in determining whether Defendant is death eligible can be cured with a limiting instruction to the jury."), with United States v. Johnson, 362 F. Supp. 2d 1043, 1107 (N.D. Iowa 2005) ("To pretend that [victim impact] evidence is not potentially unfairly prejudicial on issues to which it has little or no probative value is simply not realistic, even if the court were to give a careful limiting instruction.").  Here, however, Judge Wolf gave a careful limiting instruction prior to the introduction of victim impact evidence at Sampson's first trial, Doc. No. 744 at 34-40, and Sampson has not persuaded the Court that, on the particular facts of this case, such an instruction is inadequate to protect against the jury considering victim impact evidence for improper purposes at the resentencing trial.  See United States v. Houlihan, 92 F.3d 1271, 1287 (1st Cir. 1996) ("Courts must presume 'that jurors, conscious of the gravity of their task, attend closely the particular language of the trial court's instructions in a criminal case,' and that they follow those instructions." (citation omitted) (quoting Francis v. Franklin, 471 U.S. 307, 324 n.9 (1985))).

Moreover, Judge Wolf conducted Sampson's first sentencing trial as a unitary proceeding, the First Circuit affirmed Sampson's death sentence on direct appeal, and no fact or law has arisen since Sampson's first trial that requires the Court to impose a different structure on the resentencing trial.

Accordingly, the Motion to Trifurcate or Bifurcate Proceedings (Doc. No. 1880) is

DENIED.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge