UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 01-10384-LTS |
| | ) | |
| GARY LEE SAMPSON | ) | |
| | ) | |

ORDER ON THE BOSTON GLOBE'S MOTION REGARDING COURTROOM CLOSURE

August 17, 2016

SOROKIN, J.

This week, the Court held a sealed hearing concerning the admissibility of certain evidence in the upcoming penalty phase trial of Gary Lee Sampson. The Boston Globe (Globe), by oral motion raised in court on August 15, 2016, asserted a First Amendment right of access to this hearing, and requested that the Court open the hearing to the public or, alternatively, that the Court seal only those portions of the hearing necessary to safeguard a compelling interest.[1] The Court heard argument from the Globe and the parties on this motion; the government supported it, and Sampson opposed. From the bench, the Court denied the Globe's motion without prejudice. This Order memorializes the Court's reasoning.

The Court assumes that the Globe has a First Amendment right of access to the hearing in question. See Press-Enter. Co. v. Super. Ct. of Cal., 478 U.S. 1, 10 (1986) (Press-Enterprise II); In re Providence Journal Co., Inc., 293 F.3d 1, 10 (1st Cir. 2002). "But even when a right of access attaches, it is not absolute." Press-Enterprise II, 478 U.S. at 9. "[T]here are some limited

---

[1] The Court construes the Globe's motion as one to intervene for the purpose of seeking the modification or termination of the Court's closure order, and the Court allows the Globe's limited intervention for the sole purpose of resolving its motion.

1

circumstances in which the right of the accused to a fair trial might be undermined by publicity." Id. "In such cases, the trial court must determine whether the situation is such that the rights of the accused override the qualified First Amendment right of access." Id. More particularly, "[i]f the interest asserted is the right of the accused to a fair trial, the [hearing] shall be closed only if specific findings are made demonstrating that, first, there is a substantial probability that the defendant's right to a fair trial will be prejudiced by publicity that closure would prevent and, second, reasonable alternatives to closure cannot adequately protect the defendant's fair trial rights." Id. at 14.

In response to the Globe's oral motion, the Court ruled from the bench that it sealed this hearing so as to preserve Sampson's Sixth Amendment fair trial right by preventing public exposure to possibly inadmissible evidence. "No right ranks higher than the right of the accused to a fair trial." Press-Enter. Co. v. Super. Ct. of Cal., 464 U.S. 501, 508 (1984). Accordingly, the First Circuit has held that, "[w]hen the rights of the accused and those of the public come irreconcilably into conflict, the accused's Sixth Amendment right to a fair trial must, as a matter of logic, take precedence over the public's First Amendment right of access to pretrial proceedings." In re Globe Newspaper Co., 729 F.2d 47, 53 (1st Cir. 1984); accord In re Providence Journal, 293 F.3d at 13.

That logic applies here. The Court will begin to empanel a jury for Sampson's new penalty phase trial in a matter of weeks, starting on September 14, 2016. As this is a death penalty proceeding in a place where the death penalty is unavailable at state law, it has garnered significant media attention over the years. At this week's proceeding, the Court heard evidence, some of which was inflammatory, and none of which has yet been ruled admissible at trial. Exposing the public to prejudicial evidence that may be inadmissible is likely to prejudice

Sampson's right to a fair trial, especially given that the exposure would occur in such close proximity to jury empanelment. See In re Globe Newspaper, 729 F.2d at 55 (noting that in "a highly publicized case," the "premature publication of damaging" evidence that is inadmissible "might make a fair trial impossible, at least in the venue [the] defendant would ordinarily prefer"); United States v. McVeigh, 119 F.3d 806, 813 (10th Cir. 1997) (same).

Moreover, the fact that Sampson's first death sentence was vacated because a juror lied during voir dire, Sampson v. United States, 724 F.3d 150, 156 (1st Cir. 2013), creates a heightened need to protect the integrity of the jury selection process this time around.  As the First Circuit said recently in a decision on an interlocutory appeal in this case, "[i]ncurring the pain inflicted by a third trial is to be avoided, if not needed."  Sampson v. United States, No. 16-1727, 2016 WL 4137631, at *4 (1st Cir. Aug. 4, 2016).  The Court, therefore, is taking all precautions necessary to ensure that it empanels an impartial jury for the new penalty phase hearing.

In all, "there is a substantial probability that the defendant's right to a fair trial [would] be prejudiced" by opening this week's hearing to the public. See Press-Enterprise II, 478 U.S. at 14.  Sealing the courtroom ameliorates this concern, and it would have been impractical to conduct this evidentiary hearing, which includes witness testimony, as a public proceeding without exposing the public to potentially inadmissible, inflammatory evidence.  Therefore, the Globe's motion is DENIED.  In the interest of narrowly tailoring the Court's closure order, however, this Order is temporary and only in effect until the Court renders its decision on the admissibility of the evidence at issue in this week's hearing.  At that point, the Court will revisit the issue of sealing the transcript of the hearing and related papers.  Accordingly, the denial is

WITHOUT PREJUDICE to the Globe renewing its request upon the Court's ruling and related further decision regarding whether to maintain the seal.

SO ORDERED.

  /s/ Leo T. Sorokin  
Leo T. Sorokin  
United States District Judge