UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

UNITED STATES OF AMERICA                )
                                        )
v.                                      )        Criminal Action No. 01-10384-LTS
                                        )
GARY LEE SAMPSON                        )
_____)

ORDER ON DEFENDANT'S RENEWED MOTION TO COMPEL COMPLIANCE
WITH CERTAIN BOP DATA DISCOVERY REQUESTS (Doc. No. 2324)

August 26, 2016

SOROKIN, J.

        In this capital proceeding, the government advances as a non-statutory

aggravating factor in support of the death penalty "Future Dangerousness of the

Defendant While Incarcerated," which asserts that the defendant Gary Lee Sampson is

likely to commit future criminal acts of violence in prison.  Doc. No. 2197 at 4, 6.  In

April 2016, counsel for Sampson filed a motion seeking discovery from the Bureau of

Prisons (BOP) to aid a defense expert's analysis regarding factors that bear on an

individual's future dangerousness in prison or lack thereof.  Doc. Nos. 2173, 2173-1 at 3-

5.  The motion sought six categories of information from BOP.  Doc. No. 2173-5 at 2-5.

The Court allowed the motion in some respects, but denied it with regard to the

information requested in Categories A and B.  Doc. No. 2303 at 3.  Category A sought a

series of documents regarding inmates sentenced to death or life without parole for a

capital offense.  Doc. No. 2173-5 at 2-3.  Category B requested information concerning

inmates who have committed homicide in BOP custody.  Id. at 3-4.  The Court denied

Sampson's motion as to these categories because the Court could not discern from the

pleadings whether the particular information sought was material or exculpatory, and because the Court had concerns regarding the potential burden on the government in gathering the requested information.  Doc. No. 2303 at 2-3.  The Court's denial of the motion as to these categories was without prejudice to Sampson renewing his motion in a manner that "inform[ed] the Court of the nature and substance of each type of information listed in categories A and B, as well as the reasons for its materiality or exculpatory value."  Id. at 3.

Thereafter, Sampson filed the renewed motion now before the Court, narrowing the scope of information sought.  Doc. No. 2324 at 2.  Generally speaking, Sampson seeks records and historical information pertaining to inmates in Categories A and B – such as disciplinary records, housing assignments, security level placements, prior prison terms, education, gang affiliation, and mental health codes – for the time period of 2006 to 2015.  Id.  He needs this information, he says, to support his expert's testimony "analyzing risk factors for violence in a prison setting and [providing] an individualized assessment of Mr. Sampson according to those factors."  Id. at 3-4.  He argues that the information sought is pertinent to this testimony because, for example, "studies have shown that prior prison terms correlate with disciplinary behavior and violence risk," as does gang affiliation.  Id. at 4, 6.

Based on Sampson's renewed submission, which more clearly explains the need for, and purpose of, the information requested, the Court is satisfied that this information is discoverable under Brady[1] because it "fairly tends to . . . mitigate punishment."  United States v. Mehanna, 735 F.3d 32, 65 (1st Cir. 2013); see United States v. Prochilo, 629 F.3d 264, 266 (1st Cir. 2011) ("Under Brady, the government has a duty to disclose

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

evidence in its possession that is favorable to the accused and material to guilt or punishment."). The information sought will support Sampson's expert's testimony regarding factors that do or do not correlate with future violence in prison, and the presence *vel non* of these factors in Sampson, all of which may undermine the government's future dangerousness aggravating factor by suggesting that Sampson is unlikely to engage in future violence in prison. In short, Sampson has "provide[d] the court with some indication that the materials to which he . . . needs access contain material and potentially exculpatory evidence." United States v. Caro-Muniz, 406 F.3d 22, 29 (1st Cir. 2005) (quoting United States v. Brandon, 17 F.3d 409, 456 (1st Cir. 1994)). Furthermore, because BOP currently is gathering virtually all of the information sought by Sampson (and more) in another federal death penalty case, the Court need not decide the legal significance of any burden on the government in producing this information. See Order, United States v. Con-Ui, No. 3:13-cr-00123-ARC (M.D. Pa. Aug. 4, 2016), ECF No. 909.

Accordingly, Sampson's renewed motion (Doc. No. 2324) is ALLOWED. The parties shall file a joint status report within seven days proposing, jointly or separately, a date for the government's production of the documents. Counsel may wish to coordinate on this matter with counsel in the Con-Ui case.

SO ORDERED.

   /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge