UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

UNITED STATES OF AMERICA     )
     )
v.     )     Criminal Action No. 01-10384-LTS
     )
GARY LEE SAMPSON     )

_____)

**ORDER ON DEFENSE MOTION IN LIMINE TO EXCLUDE WITNESSES AVAILABLE TO THE GOVERNMENT IN 2003 BUT NOT OFFERED IN MR. SAMPSON'S ORIGINAL SENTENCING PROCEEDING (Doc. No. 2484)**

September 19, 2016

SOROKIN, J.

Gary Lee Sampson pled guilty to two counts of carjacking resulting in death and was sentenced to death in 2004. The First Circuit affirmed the judgment. United States v. Sampson, 486 F.3d 13 (1st Cir. 2007). In 2011, the Court (Wolf, J.) vacated the death sentence in light of juror misconduct, and the First Circuit affirmed, ruling that Sampson is entitled to a new penalty phase trial pursuant to 28 U.S.C. § 2255. Sampson v. United States, 724 F.3d 150, 170 (1st Cir. 2013). The case was reassigned to this session of the Court on January 6, 2016, and jury selection in Sampson's new penalty phase trial began September 14, 2016.

Sampson now moves for an order precluding the government from calling as witnesses at the new penalty phase trial four individuals who were available as government witnesses at the first trial but not called to testify then. Doc. No. 2484 at 1. As to two of the witnesses – Mary Ellen Robertson and Karen Anderson Tucker – the motion is MOOT because the government has represented to the Court that it does not intend to call them in its case-in-chief. The motion also is MOOT as to Joanna Cook in light of the Court's separate order concerning her proposed testimony. See Doc. No. 2508. Finally, the motion is DENIED with regard to Laurie

1

Herrebrugh.  The Court understands that Herrebrugh's testimony would relate to her observations of Sampson at a gas station following his murder of one of his victims.  <u>See</u> Doc. No. 2484-1 at 2.  Given that the Court is not requiring the government to present an identical case to the one it put forth at the first trial, and that Herrebrugh's testimony is unlikely to alter substantially the government's case against Sampson, the Court declines to exercise its equitable authority under 28 U.S.C. § 2255 to preclude her from testifying at the new penalty phase hearing.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge